DWIGHT T. PARKER, *Plaintiff in Error.*

*vs.*

THE BOARD OF SUPERVISORS OF GRANT COUNTY, *Defendant in Error.*

ERROR TO GRANT CIRCUIT COURT.

The clause of section 32, of chapter 10, of the Revised Statutes, requiring accounts to be verified by affidavit to be filed therewith is directory to the Board of Supervisors.

A compliance with that provision is not necessary to give the board jurisdiction of the claim, nor does a failure to comply with it oust the board of jurisdiction.

The board may reject an account for such defect, but if they waive it, and pass upon the account and an appeal is taken from their decision, the appeal cannot be dismissed in the Circuit Court, for want of jurisdiction.

If the board intend to require a compliance with the statute, they should do so in the first instance, that the defect may be corrected, and it is too late to take such objection after an appeal is taken from their decision.

This was an appeal from a decision of the board of supervisors of Grant County, upon an account presented by the plaintiff in error, by which the same was allowed in part, and rejected in part, and an appeal taken by the plaintiff in error to the Circuit Court. The Circuit Court dismissed the appeal for want of jurisdiction, on the ground that none had been acquired, either by the board, or by the court, for the reason, that there appeared no affidavit verifying the account, and filed therewith, according to section 32, chapter 10, of the Revised Statutes. The facts are stated in detail in the opinion of the court.

*J. T. Mills* for the plaintiff in error. The affidavit may have been made out and filed in the office of the

board. The board of supervisors had assumed juris-
diction and allowed part of the account. Was their
action a nullity, and their order void? Could the
county treasurer have refused to pay the order, drawn
in pursuance of such allowance? *R. S. p.* 95–6, *p.* 100
§ 49, *p.* 109 § 110. For authority of the board, see
*R. S. p.* 95, § 27.

Formal objections in all courts, and in all cases are,
and should be distinguished from substantial objec-
tions; otherwise two-thirds of the board might vote
against an account, because in their opinion it was not
clearly *itemized*; but a clear majority might be in
favor of allowance on the merits. Can the claimant
poll the board to ascertain the ground on which its
members voted?

It cannot be that section 32 of chapter 10 is intend-
ed as prescribing the conditions or requisites to give
the board jurisdiction of accounts. This section is to
be interpreted in view of the broad distinction be-
tween laws peremptory and laws directory. It is
merely directory. 46 *Eng. C. L. Rep.* 889, 890;
7 *Bar. Abr.* 457, 458; *p.* 448 *Dwarris on Stat.;* 7
*Law Lib.* 714; 1 *Edw. Ch. Rep.,* 273; *Flor. Rep.*
1848, *p.* 118; 7 *English,* 537.

*By the Court,* Smith, J. This was an appeal from
the decision of the board of supervisors of Grant
county to the Circuit Court of that county.

At the annual meeting of the board in November,
1851, the plaintiff in error presented to the said
board an account for merchandise, amounting to the
sum of $23.41. The account was made out by items
and dates specifically, and was endorsed as fol-
lows:

JUNE TERM,
1853.

Parker
vs.
Supervisors
of Grant Co.

" I hereby certify that I purchased the articles within named for the use of said county and for prisoners.

"GEORGE R. STRONG, *Sheriff*."

The return shows that the account was presented to the board, was entertained, considered, and the sum of $15.00 allowed thereon.

The claimant appealed to the Circuit Court, when the district attorney moved to dismiss the appeal for the following reasons :

1st. Because the claim and amount was never legally presented to the board, in the manner provided by law, and was not made out and verified by affidavit, as required by law.

2d. The said board never had any jurisdiction to allow said account under the law, and this court has no appellate jurisdiction over said account and claim, the subject matter of this suit.

The court below sustained this motion and dismissed the appeal, and rendered judgment against the plaintiff in error for costs, to which ruling the plaintiff excepted.

The question presented is, Had the Circuit Court jurisdiction of the cause ?

It is contended by the defendant in error that the board of supervisors had no jurisdiction of the subject matter of the suit, because the account was not made out and presented in conformity with section 32 of chapter 10 of the Revised Statutes, which section is as follows:

"No account shall be allowed by the county board of supervisors, unless the same shall be made out in separate items, and the nature of each item specifically stated; and where no specific fees are allowed by law, the time actually and necessarily devoted to the

performance of any service charged in such account

shall be specified. Which account, so made out, shall be verified by affidavit, to be filed therewith."

No objection can be taken to this account because it is not sufficiently itemized. The only objection seems to be, in that it was not verified by affidavit. Whether or not there was actually an affidavit verifying the account filed with it, does not certainly appear, but it seems to have been taken for granted in the court below that there was none. It is insisted that such affidavit is necessary to give the board jurisdiction. This is the only question in the case. The law which gives the county board jurisdiction to examine and settle claims against the county, is the second clause of the twenty-second section of the same chapter, and is in the following words : " To examine and settle all accounts of receipts and expenses of the county ; and to examine, settle and allow all accounts chargeable against the connty ; and when so settled, they may issue orders therefor, as provided by law." Here is the source of jurisdiction. By the 32d section it is made the duty of the board to require all accounts to be made out in separate items, &c. Whether this clause of the 32d section precludes the board from allowing any account, unless it is so made out in separate items, it is not necessary now to determine, for this case does not present that question in a proper manner to be adjudicated. It is difficult to conceive how items in an account can be more specifically stated than in the account of the plaintiff in error.

The last clause of the last-mentioned section says : " which account so made out shall be verified by affidavit, to be filed therewith." It was no doubt com-

27

JUNE TERM, 1853.

Parker
vs.
Supervisors
of Grant Co.

petent for the board to have rejected this account, for the reason that it was not verified. But their jurisdiction of the matter did not depend upon such verification. The statute, in that respect, is directory merely. Though it might be a neglect of duty in the board to waive or dispense with the affidavit, yet, inasmuch as they did entertain the claim, and proceed to consider the same without requiring the affidavit of the claimant, we do not think they were acting without jurisdiction.

It will be observed that the language of the first clause of the section is negative and prohibitory: "No account shall be allowed unless the same shall be made out in separate items," &c. The language of the last clause, in respect to the verification, is affirmative and directory: "which account so made out shall be verified by affidavit," &c. The board are not prohibited from entertaining and passing upon the account, because it wants the verifying affidavit. It is true, the party claiming is directed so to verify his claim. But his neglect to thus verify it does not oust the board of its jurisdiction.

The board did entertain the account and proceeded to pass upon it, waiving its verification by affidavit. Having done so, they cannot now disclaim their own acts. They made no objection to the account, for the cause alleged in their motion to dismiss the appeal. If they had rejected the account for that reason on its presentation, the defect might have been supplied. But they did not, and they proceeded to adjudicate upon its merits, probably considering the sheriff's certificate as equivalent to the affidavit directed by the statute, or waiving the latter altogether, or not having

thought of it at all. They examined and passed upon it upon its merits, allowing a part and rejecting a part; but what parts were allowed or what rejected, what prices conceded, or what disputed, does not appear. We think they had jurisdiction of the matter, and an appeal properly lay from their determination, and that the Circuit Court consequently had jurisdiction, and erred in dismissing the appeal.

The judgment of the Circuit Court is reversed, with costs.