[No. 1933. Decided February 20, 1896.]

ALBERT MAGNUS et al., Appellants, v. JAMES H. WOOLERY et al., Respondents.

ACTION ON RE-DELIVERY BOND — LIABILITY OF SHERIFF — MEASURE OF DAMAGES.

The fact that the obligee in a re-delivery bond elects to sue thereon in the first instance will not preclude a subsequent action by him against the sheriff for damages, when it developes that the bond which the sheriff had taken and turned over to him was not in fact a genuine one.

Under Code Proc., § 260, providing that unless the sureties in a re-delivery bond justify or their justification is waived by the plaintiff, the sheriff shall be responsible for them, it is not necessary in an action against the sheriff for failure to take a good bond, to plead and prove the value of the property released by him, but he is liable for the value of the property as determined in the prior proceeding in which the bond had been given. (DUNBAR, J., dissents).

Appeal from Superior Court, King County.—Hon. T. J. HUMES, Judge. Reversed.

Solon T. Williams, for appellants.

Lindsay, King & Turner, for respondents.

The opinion of the court was delivered by

Scott, J.—This was an action upon a sheriff's bond, for damages occasioned by neglect of official duties. The facts upon which the same is founded are as follows: The plaintiffs began an action in replevin and the respondent Woolery, as sheriff, took possession of the property under the writ therein issued, and subsequently returned the same to the defendant in said action upon receiving from him a re-delivery bond, but did not require the sureties thereon to justify. The plaintiffs obtained judgment in said cause for a return of the property, or in lieu thereof the sum of $500.00 as its value, and, not being able to recover the property and the alternative judgment not being paid, they brought an action upon the bond taken by the sheriff. There were apparently two sureties upon this bond, but one of them set up a defense that he had never executed it. When this defense was interposed, the plaintiffs notified the sheriff of it, but it does not appear that said sheriff participated in the trial which was had. A judgment was rendered in favor of the plaintiffs against the principal and one surety, but in favor of the surety who had set up the defense aforesaid. The plaintiffs did not succeed in collecting this judgment and they thereafter brought this action against the sheriff and his bondsmen, setting up the former proceedings and alleging that the principal and the one surety against whom judgment was obtained were at all times insolvent, and that they were not required to justify by said sheriff, and that justification had not been waived by the plaintiffs, and sought to recover the sum of $500.00 as the value of the property, and the costs of both actions, and also the costs recovered against them by the surety who had successfully defended in the action

upon the re-delivery bond, and alleged that they were damaged to that extent. The defendants demurred thereto, which was sustained by the court, and the plaintiffs have appealed.

It is contended by the respondents that the complaint fails to show a cause of action for two reasons; first, it is contended that in bringing the action upon the re-delivery bond the plaintiffs waived the right to hold the sheriff responsible for the sufficiency of the sureties, and the second is that the measure of the sheriff's liability would be the value of the property taken and returned to the defendants in the original action, and that the complaint contains no allegation that it was of any value. No case has been cited which we consider as directly in point upon the first proposition. The one most strongly bearing upon it is that of *Carter v. Duggan*, 144 Mass. 32 (10 N. E. 486), where a suit had been brought upon the bond before bringing an action against the sheriff, and which proceeding was sustained in that case, but the question of an election or waiver was not specifically raised or decided therein. So far as it is applicable, it is against the contention of the respondents, but, conceding that the plaintiffs had but one remedy, and that they must elect whether they would proceed against the sheriff or upon the bond, we think they should not be precluded from bringing the present action under the circumstances of this case, for they had a right to assume that the bond which the sheriff had taken and turned over to them was a genuine bond, and as it afterwards developed that it was not and that one of the parties appearing thereon as a surety had not in fact executed it, they should not be held to have waived their right to look to the sheriff.

The second proposition, we think, is governed by

§ 260 of the Code of Procedure. This statute provides that unless the sureties justify or their justification is waived by the plaintiff, the sheriff shall be responsible for them, and under this statute the measure of the sheriff's liability is not the value of the property to be determined in an independent action against the sheriff, but was the value as found in said prior proceedings, or, in other words, the amount that the plaintiffs were entitled to recover upon the re-delivery bond. Although the sheriff was not a party to either of these actions, the statute puts him in the position of the sureties upon the bond, and they were liable for the value of the property as determined in the principal action in case it was not returned to the plaintiffs.

We are therefore of the opinion that the complaint stated a cause of action, and if the plaintiffs did not waive a justification by the sureties, that they are entitled to recover the amount claimed.

The cause is reversed and remanded for further proceedings accordingly.

Hoyt, C. J., and Anders and Gordon, JJ., concur.

Dunbar, J. (*dissenting*). I dissent. The real loss incurred by the plaintiff was the value of the property. Its value has never been determined in any action to which the sheriff was a party, and I think he should have a right to put the value in issue, which he could not under the allegations of the complaint. On this ground I think the demurrer was properly sustained.