[No. 2953. Decided May 31, 1898.]

# L. S. Roberts, *Appellant*, v. Washington Water Power Company *et al.*, *Respondents.*

CORPORATIONS — CONTRACT FOR BOND — AUTHORITY OF OFFICERS — APPEAL — OBJECTIONS NOT RAISED BELOW.

In an action on a bond to recover liquidated damages, an answer denying the execution of the bond, and also admitting its execution as a bond fixing a penalty instead of liquidated damages, cannot be attacked on appeal, when no objection has been raised on that ground in the lower court.

An order of the board of directors of a corporation authorizing its president and secretary to sign its name as surety upon a bond for a given sum, would raise the presumption that the authority given was merely to execute a bond providing for a penalty instead of one providing for liquidated damages.

Appeal from Superior Court, Spokane County.—Hon. A. L. Miller, Judge. Affirmed.

*W. J. Thayer*, for appellant.

*Thomas C. Griffitts*, and *Dudley & Dudley*, for respondents.

The opinion of the court was delivered by

Scott, C. J.—This was an action on a bond to recover $25,000 as liquidated damages for a failure to build a street railway. Burns was made a defendant because he refused to be a plaintiff; the other two defendants were sued as signers of the bond. The case was tried without a jury, and at the conclusion of the plaintiff's testimony a judgment of nonsuit was rendered from which this appeal is taken. The plaintiff was the assignee of the obligees in the bond, who at the time of its execution owned a controlling interest in the Ross Park street railway company, which company owned and operated a line of electric street

railway in the city of Spokane. The defendant, Washington Water Power Company, was engaged in the street railway, electric lighting and milling business in said city through the agency of several subordinate corporations, one of which was the Spokane Street Railway Company which was engaged in operating electric street railways, and another the Edison Electric Illuminating Company, engaged in the electric lighting business. The Washington Water Power Company had power under its articles to acquire stock in other corporations, etc., and owned a controlling interest in the stock of the two companies named. The business of the three corporations was transacted in one office, and the defendant Norman was the general manager of each, the two subordinate corporations being in charge of committees appointed by the board of trustees of the Washington Water Power Company. Said last named company, desiring to obtain a controlling interest in the Ross Park road and to operate it in connection with its other corporate business, entered into negotiations with certain of the stockholders for the purchase of their shares of stock, the negotiations being carried on by Norman in his own name, but as agent for the Washington Water Power Company. A controlling number of shares in the Ross Park road were transferred to the Washington Water Power Company, in consideration whereof said last named company was to operate the Ross Park road and pay certain of its debts; to build an extension to Minnehaha Park in three months, and another extension to the southeast addition to Ross Park within one year, if demanded, and if not so demanded, within two years in any event; also to furnish certain annual passes, and to give a thirty thousand dollar bond. These terms were embodied in a preliminary or memorandum agreement, February 3, 1892. This agreement was signed by Norman and the

various persons who were to transfer to the Washington Water Power Company the controlling number of shares of stock in the Ross Park road.

The action was brought upon the bond to recover damages for the failure to complete the extension to the southeast addition to Ross Park.  The answer denied the execution of the bond set forth in the complaint, on the grounds that it was beyond the power of the corporation to make and also that its execution had never been authorized by its trustees and that Norman had no authority to execute it.  It was further set up as an affirmative defense that the bond was given to secure the performance of the written contract aforesaid, the provision in the contract relating to the bond being as follows:

" That said party of the first part will give to said parties of the second part a good and sufficient bond in the sum of $30,000 with the Washington Water Power Company as a surety thereon."

And some further defenses were pleaded.  The bond as given was for the sum of $30,000, and one clause inserted among the conditions provided for the payment of $25,000 as liquidated damages, in the event that the extension to the southeast addition to Ross Park should not be built as provided.  The trial court held that the clause in the contract aforesaid, which provided for a $30,000 bond, did not authorize a bond with a condition for payment as liquidated damages, and that Norman had no power to bind the Washington Water Power Company for the payment of a fixed sum as damages.  The minutes of the corporation from which the authority to execute the bond is claimed are as follows:

" Spokane, Wash., Feb. 3, 1892.

A special meeting of the directors of the Washington Water Power Company was held this day at the office of the company, at 9:30 a. m., there being present C. R.

Burns in the chair, H. Brook, F. E. Goodall, H. Bolster, J. D. Sherwood and W. S. Norman. The subject matter of the purchase of the Ross Park Street Railway Company was the special order of business. The manager reported that he had concluded .negotiations for the acquirement of 70 per cent. interest in the Ross Park Street Railway Company, representing $53,200 worth of stock, our company to assume its share of the gross indebtedness of the Ross Park Street Railway Company, amounting to $60,000. On motion of J. D. Sherwood, seconded by H. Brook, W. S. Norman was authorized to make the purchase of the stock, and hold the same in his name until such time as some other disposition might be made of the same, he to endorse the stock, and leave the same with the proper officers of the company.

On motion of H. Bolster, seconded by H. Brook, the following resolution was adopted:

Resolved: That the president and secretary of the Washington Water Power Company be, and are hereby authorized to sign in the name of this company, as surety, to a certain bond, in the sum of $30,000, executed by W. S. Norman, in favor E. J. Webster, trustee, dated February.

Carried. Meeting then adjourned.

W. S. Norman, Secretary."

There are but two points which it is necessary to consider in the disposition of the appeal. One is a contention by the appellant that the answer admitted the execution of the bond sued on. This is based upon the claim that the defenses pleaded were inconsistent in denying the execution of the bond and then in effect admitting its execution for another purpose than the one alleged as a breach. It does not appear that this matter was called to the attention of the lower court in any way. It is not necessary to set forth the answer in detail, for, if it were conceded that it was inconsistent in the particulars mentioned, we do not think the contention of the appellant should be sustained at this time, for it is plainly apparent from the answer that

it was the intention of the pleader to question the validity of the bond with reference to the provision for liquidated damages and to deny any authority of the agent aforesaid to bind the corporation thereby. Not having attacked the answer in the lower court, we do not think the appellant should be entitled to claim that the execution of the bond was admitted when the intention to deny its execution or validity as aforesaid is evident. There should be no uncertainty about an admission to bind a party in this way.

We are also of the opinion that no authority was shown in the minutes for the execution of the bond in question. Under such authority the presumption would be that the $30,000 was intended as a penalty merely, and the authority to execute a bond providing for liquidated damages should have been clearly shown to render it valid. We think the judgment of the lower court was right, and it is affirmed.

REAVIS, ANDERS, GORDON and DUNBAR, JJ., concur.