[No. 3589.  Decided March 30, 1901.]

H. N. BELT, *Respondent,* v. WASHINGTON WATER POWER COMPANY, *Appellant.*

PRINCIPAL AND AGENT — UNDISCLOSED PRINCIPAL — PLEADING.

In an action against an undisclosed principal the complaint is not demurrable on the ground that it nowhere alleges that the agent was acting for an undisclosed principal, when in one paragraph it sets up the contract with the agent upon which the action is based, and in a subsequent paragraph alleges that the contract was executed by such agent for and on behalf of the defendant; that the agreements therein contained to be performed by said agent were in fact to be done by the defendant; that the defendant had repeatedly recognized the contract as binding upon it, and had repeatedly promised to carry out the terms thereof.

SAME — WRITTEN AGREEMENT BY AGENT — PAROL EVIDENCE.

Oral testimony is admissible for the purpose of showing that an undisclosed principal was actually a party to a written agreement.

SAME — ACTION AGAINST PRINCIPAL AND AGENT JOINTLY — MISJOINDER.

Conceding that a joint action against an alleged agent and his undisclosed principal may be a misjoinder of causes of action, yet where the alleged agent was dismissed from the case in response to a demurrer, and the action proceeded against

the alleged principal alone, with the acquiescence of plaintiff, the error, if any, was cured by the action of the court and parties.

BREACH OF CONTRACT — MEASURE OF DAMAGES.

In an action to recover damages for breach of contract to construct and operate an electric railway, an allegation that plaintiff was the owner of a large amount of real estate, laid off into lots and blocks, and suitable only for suburban residences, that, as defendant well knew, his purpose in entering into the contract was to increase their value and make them available as city property; and that the difference in value between such property with and without said extension was $25,000, is a sufficient allegation of the measure of damages to which plaintiff is entitled, since the proper measure of damages is the difference between the value of the land if the contract had been carried out, and its value with the contract unfulfilled.

SAME — PLEADING — ALLEGATION OF NON-PAYMENT.

In an action to recover damages, an allegation of the damages sustained, together with a prayer for judgment thereon, is sufficient as an allegation of the non-payment of the damages.

PARTIES — BREACH OF CONTRACT FOR ENHANCEMENT OF VALUE OF COMMUNITY REALTY.

The husband being charged by statute with the management and control of community property, the wife is not a necessary party to an action for breach of a contract made by the husband, which, if performed by defendant, would have been instrumental in increasing the value of their community realty.

ESTOPPEL — ELECTION OF REMEDIES.

The fact that, in an attempt to collect the damages now sought to be recovered, defendant had been sued upon a bond which it had given as security for the contract now in controversy, and that the suit had been ·decided in defendant's favor, because the provision in relation to unliquidated damages had not been authorized, would not estop plaintiff from pursuing another proper and effective legal remedy.

Appeal from Superior Court, Spokane County.—Hon. A. G. Kellam, Judge pro tem. Affirmed.

*Stephens & Bunn,* for appellant.

*W. J. Thayer* and *Graves & Graves,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The complaint in this case alleges the corporate existence of the Washington Water Power Company, the defendant, with power to purchase stock in street railway corporations. That prior to the 31st day of February, 1892, the plaintiff, together with certain other parties, was the owner of stock in a certain corporation known as the Ross Park Street Railway Company. That on the 30th day of May, 1890, the Ross Park Street Railway Company entered into a contract in writing with the plaintiff and certain other parties, wherein it was recited that at the time of the incorporation of the Ross Park Street Railway Company it had been understood and agreed between the stockholders thereof and the parties of the second part that the object and purpose of said corporation was to construct and operate an electric street railroad over certain streets, named in the complaint, in the city of Spokane. ' That the agreement recited that the parties of the second part subscribed and paid for their shares in the capital stock of the corporation under such understanding and agreement and for such purpose, and not otherwise, and, for the purpose of carrying out said agreement, at a meeting of the stockholders of the said corporation duly held on the 27th day of May, 1890, a resolution had been duly passed directing the trustees of said corporation to cause said road to be constructed, to enter into a contract with the parties of the second part binding said corporation to construct said road, etc. That the said contract was well known to the defendants at the time of making the subsequent contract upon which this action is based. That the subsequent contract was

entered into on the 3d day of February, 1892, between W. S. Norman, of Spokane county, party of the first part, and Horatio N. Belt, Cyrus R. Burns, Sylvester Heath, and others, parties of the second part. This agreement was to the effect that the parties of the second part were to deliver to the parties of the first part five hundred and thirty-four shares of stock of the said Ross Park Street Railway Company. That the party of the first part, for and in consideration of the delivery of said stock, agreed to guarantee and save harmless the said parties of the second part from any and all indebtedness and obligations of the said Ross Park Street Railway Company, to undertake the maintenance and operation of said Ross Park Street Railway Company as it is now constructed and operated in a first class manner, and give a twenty minutes' service over said road during said period of five years, at a stipulated fare; to put in operation on or before the first day of May, 1892 certain extensions mentioned in the agreement, to be built and equipped in a first class and substantial manner. That certain other extensions were to be built and equipped within one year if the Ross Park syndicate demanded their building within that time, but, if not, within two years from the date of the agreement. The party of the first part agreed to give a bond to the party of the second part in the sum of $30,000 for the performance of the contract. It is alleged that this contract was duly executed and delivered; that since the execution of the contract, R. W. Forrest, a party thereto, has died, and the defendants Burns, Heath, Wolverton, Webster, Kaufman, and Conlan have all declined to join as co-plaintiffs with this plaintiff in the suit, and are therefore made defendants; that the contract was executed by defendant Norman for and on behalf of the defendant the Washington Water Power

Company; that the company had recognized the contract, and promised to carry out its conditions; that the company did perform a portion of the conditions of the contract, but failed to perform them all; that at the time of making the aforesaid contract and the contract with the Ross Park Street Railway Company, the plaintiff was the owner of a large amount of real estate suitable for and only for suburban residences, which was laid off in lots, blocks, streets, and alleys and duly dedicated, and it was for the purpose of benefiting these lots and increasing their value and making them available as city property that the contract was entered into; that this purpose was well known to the defendants Norman and the water power company; that the difference in value between the property owned by plaintiff with and without said extension was $25,000. For a second case of action plaintiff alleges the assignment of the claim of Kaufman to the plaintiff, and prays judgment for the sum of $50,000. A demurrer was interposed by the defendants to the complaint, because it did not state facts sufficient to constitute a cause of action against either of them, and because there was a misjoinder of defendants and misjoinder of causes of action. On behalf of Norman the demurrer was sustained, and overruled as to the Washington Water Power Company. The defendants Webster, Burns, Kaufman, Wolverton, Conlan, and Heath answered that they had assigned whatever rights they had, if any, to the defendant, the Washington Water Power Company, and were dismissed from the action. The defendant company then answered, alleging that the plaintiff ought to be estopped to maintain this action because he had accepted Norman as principal in the alleged contract, and that the Washington Water Power Company should be joined only as a surety; that all the matters and things in plaintiff's

complaint had been theretofore adjudicated in the suit
of *L. S. Roberts v. Washington Water Power Company
et al.*, heretofore decided in the superior court of Spokane
county and the supreme court of the state (19 Wash. 392,
53 Pac. 664); that in and to all things done or suffered
by the defendant, plaintiff, with full knowledge of the
facts, acquiesced and consented; that the plaintiff was
barred by the statute of limitations; and asked that the
cause be dismissed.    There was a general reply.    Upon
the trial of the cause verdict was rendered in favor of the
plaintiff in the sum of $21,016.    Judgment was entered
on the verdict and appeal taken.

Error is assigned in overruling appellant's demurrer to
the complaint.    It is contended that the complaint no-
where alleges that Norman was acting for an undisclosed
principal.    It is true that the contract set forth in para-
graph 4 of the complaint shows on its face that Nor-
man, the party of the first part, was acting as principal
in the transaction; but paragraph 6 makes the plain state-
ment that said contract was executed by defendant W. S.
Norman for and on behalf of defendant the Washington
Water Power Company.    It would seem that this was a
plain statement that Norman was acting as an agent for
the principal, who was not disclosed by the agreement set
forth in paragraph 4.    Paragraph 6 continues to the ef-
fect, that the undertakings and agreements therein con-
tained to be performed and done by the said Norman were
in fact to be performed and done by the defendant, the
Washington Water Power Company; that the stock men-
tioned in the agreement was afterwards delivered to and
received by the said Washington Water Power Company,
and that it was then held and owned by said company;
that the water power company had repeatedly recognized
the contract as binding upon it, and had repeatedly prom-
ised to carry out the terms of the contract.    We hardly

see how the language could be more explicit if it was the intention to charge the water power company with being the principal in this contract. But it is said that the allegations of the complaint make the contract that of Norman alone, and that it was not proper to allow any oral evidence to vary the written instrument. *Shuey v. Adair,* 18 Wash. 188 (51 Pac. 388, 39 L. R. A. 473, 63 Am. St. Rep. 879), is relied upon to sustain this contention. In that case it was held simply that oral evidence would not be allowed to be introduced by the maker of a promissory note, for the purpose of escaping responsibility himself, to show that he executed the promissory note in his own name as agent of another, though that fact were known to the payee at the time of the transaction. But that is a different proposition from the one under discussion, where the oral testimony is admitted for the purpose of showing that some one who is not disclosed by the agreement was actually a party to it. The court, in *Shuey v. Adair* could not have intended to lay down the rule as applicable to the case here, for it quoted from § 449, Mechem on Agency, on the question of the admissibility of parol evidence to show intent, as follows:

"But although parol evidence may not be admissible to release the agent, it may be made use of to charge the principal. Thus the principal, as will be seen hereafter, may be charged as such by parol evidence upon a simple contract made by his agent, even though the contract gives no indication on its face of an intention to charge any other person than the signer. And this doctrine applies as well to those contracts which are required to be in writing as to those to whose validity a writing is not essential. This rule is not obnoxious to the principle which forbids the contradiction of written instruments by parol testimony, for the effect is not to show that the person appearing to be bound is not bound, but to show that some other person is bound also."

The rule is announced by Pomeroy on Contracts, § 89, as follows:

"When the agreement is executed by an agent in his own name, he appearing to be the contracting party, the requisite as to parties is complied with. The principal may maintain a suit and enforce the contract, and it is immaterial whether the principal was actually known during the transactions, or whether the other party supposed that he was dealing with the agent personally, entirely on his own behalf. Under the same circumstances, it is now the rule that a suit may be maintained, and the contract enforced against the principal, even though his name nowhere appears on the face of the writing, and even though he was undisclosed and unknown to the other party at the time of entering into the agreement, provided, of course, it was actually made on his behalf."

This rule, indeed, seems to be so well established that the citation of further authority is not necessary.

The next contention is that there is no allegation that the alleged damages have not been paid, but we think the complaint sufficiently indicates that the damages have not been paid.

It is next insisted that an alleged agent and alleged principal cannot be sued together, and that, therefore, there is a misjoinder of causes of action. But, whatever the weight of authority may be on this proposition, a demurrer was filed in this case, and in response to that demurrer the defendant Norman was dismissed out of the case, and the cause proceeded against the water power company alone. This action of the court was acquiesced in by the respondent, and the effect is the same as though the respondent had voluntarily dismissed the defendant Norman, and no injury has.thereby been done to the defendant the water power company in that regard.

It is also insisted that the complaint failed to allege anything showing measure of damages. But we think the

measure of damages was distinctly stated, and the proper measure of damages was the difference between the value of the land if the contract had been carried out and its value with the contract unfulfilled.

It is also alleged that there is a defect of parties plaintiff in that the assignment of Kaufman to respondent, Belt, was not good without joinder with his wife therein; and *Parke v. Seattle*, 8 Wash. 78 (35 Pac. 594), and *Lownsdale v. Gray's Harbor Boom Co.*, 21 Wash. 542 (58 Pac. 663), are cited to sustain this contention. But we do not think the cases cited reach that far. This action will in no wise imperil Mrs. Kaufman's right to her community interest in the land, if she has any. The action is upon the personal contract made by Kaufman, and the value of the land is incidental. The right of Kaufman to maintain the action would fall within the right which the statute gives him to manage and control the community property. This also disposes of the objection that the court erred in overruling the appellant's objection to the introduction of any evidence at the commencement of the trial.

It is insisted that the court erred in admitting in evidence the instrument sued on, for the following reasons: (1) Because it is not alleged in the complaint that it was ever delivered; (2) because plaintiff did not prove that it was ever delivered; (3) because the minutes of the meeting of the board of trustees show conclusively that appellant never agreed to become bound by it; (4) because the liability of appellant was fixed by resolution; (5) because Norman had no authority to bind appellant; (6) because appellant never acted under it and never ratified it; (7) because respondent elected to and did accept Norman as principal and appellant as surety; (8) because the instrument sued on, if ever delivered, was surrendered and

canceled; (9) because the stock was not delivered under it, and nothing was done in pursuance of it. We think, in the first place, that the complaint sufficiently alleges delivery, and that the proof sustains the allegations. Most of these objections are more or less dependent upon the testimony, which we will notice hereafter. As a legal proposition, however, it is urged that the plaintiff was estopped from prosecuting this action, because in the case of *Roberts v. Washington Water Power Company,* 19 Wash. 392 (53 Pac. 664), the record of which was offered in this case, and is brought up here, an attempt was made to collect these damages by suing on a bond which the water power company had furnished as surety on the contract which is sued upon now. That cause failed in the court below and here for the reason that the provision in relation to the unliquidated damages was not authorized; and several cases from this court are cited to sustain the doctrine of estoppel for that reason, but we do not think that any of them are in point.

But, in addition to the outside authorities which are to the effect that a party will not be estopped from pursuing his proper and legal remedy because he has made a mistake in attempting to enforce a remedy which he did not have, this court has decided the question squarely in the case of *Magnus v. Woolery,* 14 Wash. 43 (44 Pac. 130), where it was held that the fact that the obligee in a redelivery bond elects to sue thereon in the first instance will not preclude a subsequent action by him against the sheriff for damages, when it developes that the bond which the sheriff had taken and turned over to him was not in fact a genuine one. On the question of interest, see *Bellingham Bay, etc., R. R. Co. v. Strand,* 14 Wash. 144 (44 Pac. 140). We think it sufficiently appears from the record that the deeds which were given by Belt in this case to

a portion of the land in question were intended as mortgages.

Many objections are made also to the instructions in this case, which are too lengthy to notice specially, and many lengthy instructions were presented. Error is alleged in the giving of nearly all of the instructions and in the refusing to give the instructions asked by the appellant. The most of the errors are based upon the insufficiency of the evidence to justify the instructions. We have examined in detail the extended and earnest briefs, both in chief and in reply, filed by the appellant, and the authorities there cited. We have also read the voluminous testimony in this case. Want of time prevents us from answering in detail all the arguments presented therein, and from reviewing specially the authorities or the testimony in detail. The record convinces us that there was not only sufficient testimony to sustain the instructions given by the court and the verdict of the jury, but it is convincing to us that the appellant, the Washington Water Power Company, was the real party in interest to the contract set forth in the complaint; and, there having been no prejudicial error committed by the court in giving or refusing instructions, or in the admission or denial of testimony, and there having been sufficient testimony to sustain the verdict so far as the amount of the damages is concerned, the judgment will be affirmed.

REAVIS, C. J., and FULLERTON and ANDERS, JJ., concur.