[Civ. No. 3074. First Appellate District, Division One.—December 27, 1919.]

C. W. NOHL et al., a Copartnership, etc., Respondents, v. THE COUNTY OF DEL NORTE, Appellant.

[1] COUNTIES—PARTNERSHIP CLAIMS AGAINST—VERIFICATION OF.—Sections 4075 and 4076 of the Political Code do not require that partnership claims against a county shall be verified by a member of the partnership.

[2] ID. — FORM OF CLAIMS — WAIVER OF OBJECTIONS. — Where claims presented to the supervisors are passed upon and rejected, and no objection is made to the form until after the commencement of

an action thereon, objection as to the form of the claim presented is waived.

[3] ID.—REJECTION OF CLAIMS—RIGHT TO BRING SUIT.—Where claims against a county growing out of an alleged violation of a certain contract for road work are passed upon and rejected, the claimant may, under the provisions of section 4078 of the Political Code, bring a suit thereon, notwithstanding such claims were not approved, before filing, by the road commissioner, or some other officer, as required by section 4076 of said code.

[4] ID.—ACTION FOR DAMAGES FOR BREACH OF CONTRACT—ALLEGATION OF NONPAYMENT.—In an action for damages for breach of contract, it is sufficient for the purposes of demurrer to aver in the complaint the contract, the breach complained of, and general damages. An allegation of nonpayment is not necessary.

[5] ID.—FAILURE OF PERFORMANCE—SUFFICIENCY OF ALLEGATION—DEMURRER.—In an action for damages for breach of contract an allegation that "contrary to the wishes and will of plaintiffs, defendant did wrongfully and without cause fail and refuse to perform said agreement according to the terms thereof or at all, to plaintiffs' damage," etc., is sufficient to withstand a general demurrer. The objection that the complaint does not show how or in what respect the defendant failed to perform its part of the contract should be taken by special demurrer.

[6] ID.—CONTRACT BY SUPERVISORS—LIABILITY OF COUNTY FOR VIOLATION.—Where the supervisors acted within the scope of their authority as agents of the county in entering into the contract, and had the power to authorize the acts complained of and to bind the county therefor, the contract being one which they were empowered to make, the county is liable for the violation of such contract.

[7] ID.—MOTION TO SET ASIDE DEFAULT—DISCRETION—APPEAL.—A motion to set aside a default is addressed to the sound discretion of the trial court, and while appellate courts will listen more readily to an appeal from an order refusing to set aside a default, the determination of the trial court will not be disturbed in the absence of an abuse of discretion.

[8] ID.—FAILURE TO FILE ANSWER—NEGLIGENCE OF COUNSEL—PROPER DENIAL OF MOTION.—Where plaintiff's attorneys, weeks prior to the entry of the default of the defendant, had several times demanded in open court that answer be made and filed, and the defendant's attorneys were willfully, grossly, and inexcusably negligent in their failure to prepare and file an answer prior to the time default was entered, defendant's motion to set aside its default was properly denied.

8. Right to open default judgment as affected by character of defense, notes, 61 L. R. A. 746; L. R. A. 1916F, 839.

APPEAL from a default judgment and from an order of the Superior Court of Del Norte County denying a motion to set aside the default and permit the defendant to answer.   John L. Childs, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Hersch & McNulty for Appellant.

Nathan B. McVay and Daniel W. Hone for Respondents.

KERRIGAN, J.—This is an appeal from a default judgment entered in favor of the plaintiffs after the overruling of the defendant's demurrer to the complaint, and from the denial of defendant's motion to set aside the default and to permit it to file and serve its answer.

The complaint contains three separate and distinct causes of action growing out of an alleged violation of a certain contract for road work entered into between plaintiffs and defendant.   The first cause of action consists of a demand for the sum of $103.87 for hauling and dumping rock; the second for damages in the sum of two thousand dollars for the wrongful refusal of defendant to perform its contract, and the third for damages sustained by plaintiffs on account of the purchase by them of certain machinery and supplies for the purpose of performing the contract in the amount of $2,407.51.

Defendant filed a general demurrer to each count, alleging that it did not state facts sufficient to constitute a cause of action.   The demurrer was overruled, and the defendant having failed to answer within the time allowed, its default was entered and judgment rendered against it for the sum of $4,500.38, together with costs amounting to eight dollars.

As ground for reversal it is first claimed that defendant's demurrer should have been sustained as to all three causes of action.   The first cause of action is claimed to be defective for the reasons (1) that it does not appear therefrom that any claim, duly verified to be correct, was ever presented to the supervisors of the county; and (2) that the demand was not approved, before filing, by the road commissioner having charge of the work, or by any other officer having knowledge that the work had been performed as

required by section 4076 of the Political Code.  These same objections are urged against the second cause of action, together with the further objections that it does not contain an allegation that the debt sued upon has not been paid, or one showing in what respect defendant failed to perform its part of the contract.  It is also claimed that if the acts of the officers were unlawful and unauthorized, they alone are liable and not the county.  The same objections are presented against the third cause of action.

With reference to the form of the claims presented to the supervisors, it appears from the record that plaintiffs, in support of the demands alleged in their first two causes of action, presented their claims, duly verified by one Drury Rice, and that the demand for the expenditures alleged to have been made under the third cause of action was verified by their attorney, Nathan B. McVay.  It is appellant's contention that, the plaintiffs constituting a partnership, the claims should have been verified by one of its members, and not having been so verified it fails to meet the requirements of sections 4075 and 4076 of the Political Code.  [1]  Aside from any question as to whether or not these provisions are mandatory or directory, or whether they apply to the character of claims here involved, we are of the opinion that the verification was sufficient.  The sections referred to do not require that the claim shall be verified by the claimant.  [2]  Aside from this, the claims were passed upon and rejected, and no objection was made to the form until after the commencement of the action.  Whatever merit, if any, there may be in these questions, defendant has waived it.  [3]  The same may be said with reference to the objection that the claims were not approved before presentment.  The claims having been rejected, plaintiff had a right, under the provisions of section 4078, to bring suit thereon.  (*Parker* v. *Grant County*, 1 Wis. 414.)

[4]  The contention that the second cause of action contains no allegation that the debt sued upon has not been paid is without merit.  This cause of action alleges a contract, a breach thereof and a statement of damages therefor  In an action for damages for breach of contract, it is sufficient for the purposes of a demurrer to aver in the complaint the contract, the breach complained of and general damages.  (*Barber* v. *Gazalis*, 30 Cal. 93, 7.)  An allega-

tion of nonpayment is not necessary, the demand for damages sufficiently indicating that they have not been paid. (*Beet* v. *Washington Power Co.*, 24 Wash. 387, [64 Pac. 525].)

[5] Equally without merit is the objection that the second cause of action does not show how or in what respect appellant failed to perform its part of the contract. The ultimate fact of the refusal of the defendant to perform its contract is set out in the complaint. It alleges that "contrary to the wishes and will of plaintiffs, defendant did wrongfully and without cause fail and refuse to perform said agreement according to the terms thereof or at all, to plaintiffs' damage," etc. This allegation of a breach is sufficient to withstand a general demurrer. The objection should have been taken by special demurrer. (*Cox* v. *Western P. R. R. Co.*, 47 Cal. 87; *Eachus* v. *Los Angeles*, 130 Cal. 492, 496, [80 Am. St. Rep. 147, 62 Pac. 829].)

[6] Upon the question that the county is not liable, for the reason that the supervisors acted without authority, it is sufficient to say that the supervisors acted within the scope of their authority as agents of the county, and had the power to authorize the acts complained of and to bind the county therefor, the contract being one which they were empowered to make. (*Weisshand* v. *City of Petaluma*, 37 Cal. App. 296, [174 Pac. 955].)

And, finally, appellant contends that the motion to set aside the default should have been granted. [7] A motion of this character is addressed to the sound discretion of the court, and while appellate courts will listen more readily to an appeal from an order refusing to set aside a default, still the determination of the trial court will not be disturbed in the absence of a showing of an abuse of discretion. No such showing is here presented. It appears from the record that the complaint was filed on the twenty-sixth day of November, 1917. The demurrer was filed on the 27th of December, 1917. On the twenty-first day of January, 1918, argument was postponed upon request of the defendant until January 28th. On that day argument was again postponed on motion of the defendant. On the 4th of February the matter was submitted, with the understanding that defendant should have a reasonable time to present

authorities. On the 8th of April the court made an order limiting the time for filing said authorities to April 15, 1918. The authorities were never filed. Finally, on May 13, 1918, the court overruled the demurrer and allowed the defendant thirty days in which to answer. After the expiration of the thirty days and before default was finally entered the plaintiffs, through their attorney, requested and demanded several times in open court that answer be made by defendant. On the seventeenth day of September, 1918, the attorney for plaintiffs had default entered. On the twenty-eighth day of September, 1918, defendant filed an affidavit on its motion to vacate and set aside the default. On the third day of October, 1918, attorney for plaintiffs filed a counter-affidavit, on which the matter was submitted.

Defendant's affidavit in support of the motion charges that plaintiffs' counsel had given assurance that no default would be taken. This is denied by counter-affidavit. After hearing argument, the trial court denied defendant's motion to set aside the default. [8] The order contains the recital that the court had heard the attorney for plaintiffs several times, weeks prior to the entry of the default, demand in open court that answer be made and filed, and concludes with the statement that the attorneys for defendant were willfully, grossly, and inexcusably negligent in their failure to prepare and file answer prior to the time default was entered, and we see no escape from this conclusion. This being so, the relief sought for was properly denied.

For the reasons given, the judgment and order are affirmed.

Richards, J., and Waste, P. J., concurred.