## LOEWENTHAL v. GEORGIA COAST & P. R. R.

## COLUMBIA TRUST CO. v. SAME.

(District Court, S. D. Georgia, E. D.    June 28, 1920.)

1. Damages ⬚23—Contemplated by parties are recoverable for breach of contract.
  Under Civ. Code Ga. 1910, § 4395, the underlying principle in fixing damages for a breach of contract is compensation to the injured party, and the damages recoverable are such as arise naturally and according to the usual course of things, and such as the parties contemplated when the contract was made as the probable result of its breach.

2. Railroads ⬚72(9)—Measure of damages for breach of covenant for openings in elevated superstructure stated.
  According to the rule of damages in Georgia, a landowner's measure of damage for a railroad company's breach of its covenant to provide openings in the superstructure for its track, so as not to injure his land, is the difference in the value of the land before and after the breach.

In Equity. Suit by David Loewenthal against the Georgia Coast & Piedmont Railroad, in which John D. Clarke intervened and the Columbia Trust Company filed a cross-bill against the Georgia Coast & Piedmont Railroad. Judgment for plaintiff.

Wm. L. Clay, of Savannah, Ga., for intervener.

Max Isaac, of Brunswick, Ga., and H. H. Dean, of Gainesville, Ga., for railroad and trustee.

BEVERLY D. EVANS, District Judge. A landowner contracted with a railroad company for a right of way over his land. The contract contemplated that the railroad should be built on an elevated superstructure, as defined in the contract, which provided for certain openings. There was a breach of the contract as to the way the superstructure should have been built, and the landowner sues for breach of contract. The breach was practically conceded, and the issue was as to the measure of damages.

[1] The underlying principle in fixing damages for a breach of contract is compensation to the injured party, and the damages recoverable are such as arise naturally and according to the usual course of things from such breach, and such as the parties contemplated,

---

⬚For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
265 F.—61

when the contract was made, as the probable result of its breach. Civil Code Ga. 1910, § 4395.

[2] The construction of the embankment on the land was for railroad use; the manner of its construction with reference to the openings was for the benefit of the land which the railroad traversed. The measure of damages for a breach of contract, the performance of which would result in the improvement of land, may be the difference in the rental value of the land with and without the performance of the contract, or the difference in the value according to the authorities. 17 C. J. 868. It has been decided in Georgia (and this is a Georgia contract) that the measure of damages for the destruction of an easement of way which a railway company contracted to give a landowner, in consideration of his relinquishment of an existing right of access to his property, is its effect upon the landowner's property. Atkinson v. Kreis, 140 Ga. 52, 78 S. E. 465.

The principle of this case is applicable to the case in hand. The manifest purpose of the covenant, for the breach of which the plaintiff sues, was that the railroad company would so construct an embankment or superstructure for its track that it would not injure the plaintiff's land. In effectuation of that purpose the covenant stipulated the manner of construction with respect to openings. The railroad company built an open trestle, and laid its track on it, and operated its cars thereon, without complaint from the landowner, until receivers were appointed in insolvency proceedings. The receivers, in order to make the operation of the railroad by them less dangerous, filled in a portion of the trestle with earth, without regard to the openings specified in the contract. The railroad company's property was sold in that proceeding, with the option of the purchaser to discontinue its operation and to take up and sell its rails. It was at this juncture of affairs that the plaintiff filed his suit. Pending the suit the railroad has been dismantled by the purchaser in accordance with the terms of the sale. Under these circumstances, I think that the plaintiff's measure of damages is the difference in the value of the land before and after the railroad company's breach of its covenant.

This rule was applied by the master, and I affirm his judgment, both on the law and the facts. Let an order be taken accordingly.