### 30092. LASTINGER *v.* CITY OF ADEL.

DECIDED JUNE 12, 1943.

*Robert R. Forrester, Elsie H. Griner,* for plaintiff.
*Franklin & Eberhardt,* for defendant.

FELTON, J.   C. I. Lastinger· sued the City of Adel for breach of contract in failing to fill certain excavations which had been illegally made by the city on the plaintiff's land, alleging that he was damaged $5000, the cost of filling as agreed by the city.   The city demurred on the ground that the petition alleged a wrong measure of damages, and that the correct·measure was as is stated in the headnote and opinion.   The court sustained the demurrer after giving the plaintiff an opportunity to amend his petition as to the measure of damages, and dismissed the action.   The plaintiff excepted.   ·

The only question for determination is whether the measure of damages for a breach of the contract is the difference between the market value of the land with the excavations unfilled and the value if the contract had not been breached, or whether it is the reasonable cost of filling in the land in the manner provided in the contract,   Whether such damages as are here sued for arise by reason of a tort or the breach of a contract, they are given to the injured party as compensation for the injury sustained.   Code, §§ 20-1402, 105-2001.   An injured party can not be placed in a better position than he would have been in if the contract had not been breached.   25 C. J. S. 566, § 74; 15 Am. Jur. 442, § 43. The plaintiff concedes that if the city had been sued for a tort in unlawfully excavating the land, the measure of damages would be the difference in the market value before and after the excavation.   Since there is no allegation that the plaintiff filled the excavation as the city agreed to do, we can see no reason why the plaintiff's damage is different for a breach of the contract from what it was for the illegal excavation.   The cost of filling in the land does not necessarily have relation to or illustrate the damage. It may be that filling in land worth $500 would cost $5000.   In such cases it would be contrary to the avowed policy of the law to enrich the injured party beyond the actual damage suffered by him.   While there is not absolute uniformity in the decisions from other States, we are clear that in Georgia the measure of damages is the difference in the market value of the land as it is and the

value it would have if the contract had been performed. *City Council of Augusta* v. *Mertins,* 46 *Ga. App.* 711 (168 S. E. 924); *Atkinson* v. *Kreis,* 140 *Ga.* 52 (2) (78 S. E. 465); Loewenthal *v.* Georgia Coast & Piedmont R., 265 Fed. 961 (2). See Clarke *v.* Aiken, 276 Fed. 21; 6 Page on Contracts, 5659, § 3215; Sandy Valley & Elkhorn Ry. Co. *v.* Hughes, 181 Ky. 558 (205 S. W. 607); Belt *v.* Washington Water-Power Co., 24 Wash. 387 (64 Pac. 525); Bigham *v.* Wabash-Pittsburgh Terminal Ry. Co., 223 Pa. 106 (72 Atl. 318); Brown *v.* Mostoller, 167 Iowa, 568 (149 N. W. 908); Iowa-Minnesota Land Co. *v.* Conner, 136 Iowa, 674 (112 N. W. 820).

In the absence of an amendment alleging the correct measure of damages when opportunity to do so was afforded, the court did not err in sustaining the demurrer pointing to the failure to allege the proper measure of damages, and in dismissing the action.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*