66 N.J. Super. 15 (1961)
168 A.2d 262
ATLANTIC AVIATION CORPORATION, A CORPORATION OF THE STATE OF DELAWARE, PLAINTIFF,
v.
PORT OF NEW YORK AUTHORITY, CAPITAL AIRLINES, INC., AND K.E. RAPP, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 16, 1961.
*16 Messrs. Shanley & Fisher, attorneys for plaintiff (Mr. John J. McLaughlin, appearing).
Mr. Francis A. Mulhern, attorney for defendant Port of New York Authority.
Messrs. Lamb, Langan & Blake, attorneys for defendants Capital Airlines, Inc. and K.E. Rapp.
COLIE, J.S.C.
This matter is before me on motion to dismiss the complaint as to defendant Port of New York Authority, on the theory that this court lacks jurisdiction over the Port of New York Authority by reason of the plaintiff's alleged failure to comply with the New Jersey statute, N.J.S.A. 32:1-163 and 164, with regard to notice of plaintiff's claim for money damages.
*17 On November 25, 1959 plaintiff owned a plane which was damaged at Newark Airport. Plaintiff alleges that the Port Authority negligently directed and controlled the movement of the airplane of the defendant, Capital Airlines, and the defendant-pilot thereof, K.E. Rapp, so as to cause the injury complained of. The plaintiff's carrier, as subrogee, seeks in this action to recover the loss.
On January 12, 1960 the subrogee, by Mr. Charles V. Flanagan, sent the following letter:
 "January 12th, 1960
 Mr. William F. Gillespie
 The Port of New York Authority
 111 Eighth Avenue at 15th Street
 New York, 11, New York
 Re: Atlantic Aviation Corp.
 Beechcraft Bonanza J-35
 N-257AA
 Accident: 11-25-59
 Reference: H-15561
Dear Mr. Gillespie:
On November 25th, 1959 Beechcraft Bonanza, J-35, N-257AA owned by Atlantic Aviation Corporation was blown over while parked at the Port Authority gate at Newark Airport.
We would appreciate it if you would let us have a copy of your report describing this occurrence.
 Very truly yours,
 CHARLES V. FLANAGAN
 BY:"
On February 8, 1960 the plaintiff, pro se, sent a letter to the Port Authority which read:
"On November 25, 1959 our Beech 35, Registration N257AA was flown by our pilot into Newark Airport in Newark, New Jersey at 2:20 P.M. and parked at the Port Authority Gate. At about 3:25 P.M. a Capital Airline Viscount turbo jet, that had been loading in the area, taxied out of the area under the direction of ground personnel, headed Northwest. The prop wash caught our plane, lifted it, and turned it over on its back causing the canopy to be crushed. At the time of this accident our plane was unoccupied and had been properly parked. The Capital Viscount Registration Number was N7461 flight No. 87 with Captain K.E. Ropp [sic] at the controls. The Port Authority Police have a report of the accident.
*18 In our opinion the cause of the accident was the prop wash of the Viscount. Therefore, we consider the damage to be either your responsibility or Capital Airlines, Inc. or both.
 Sincerely,
 ATLANTIC AVIATION CORPORATION
 (Signed) "S.J. Kulesza
 S.J. Kulesza
 Manager, Accounting Dept."
On March 10, 1960 the plaintiff was given reply, to wit:
 "March 10, 1960
 Atlantic Aviation Corp.
 Box 1709
 Wilmington, Delaware
 Re: Atlantic Avn. Corp.
 D-60067 11/25/59 NA
Gentlemen:
A careful and complete investigation of all the facts and circumstances surrounding your claim against the Port Authority for alleged property damage on November 25, 1959 reveals that your accident was not caused by any negligence on the part of the Port Authority.
Accordingly, we regret to inform you that your claim against the Port Authority must be denied.
 Yours very truly,
 (Signed) William F. Gillespie
 William F. Gillespie
 Claims Attorney"
(Emphasis added)
On May 27, 1960 the subrogee again wrote to Mr. Gillespie making inquiries concerning collateral events and acknowledging receipt of a copy of the Port Authority's report concerning this accident.
Finally, on October 17, 1960, a formal notice of claim was sent to the Port Authority by Shanley and Fisher, attorneys for the plaintiff, by certified mail, return receipt requested. This claim was rejected and returned by the Port Authority on the ground that it was out of time.
The States of New York and New Jersey have consented to suits, such as the one in question, against the Port Authority, N.J.S.A. 32:1-157. But such consent was conditioned upon suits being brought within one year after *19 the cause of action has accrued "* * * and upon the further condition that in the case of any suit, action or proceeding for the recovery or payment of money, prosecuted or maintained under this act, a notice of claim shall have been served upon the Port Authority by or on behalf of the plaintiff * * * at least sixty days before such suit, action or proceeding is commenced. * * *" N.J.S.A. 32:1-163. The notice required must be served within ten months after the cause of action has accrued. Rao v. Port of New York Authority, 122 F. Supp. 595 (D.C.E.D.N.Y. 1954), affirmed 222 F.2d 362 (2 Cir. 1955).
Immediately following such limitation, there are set out directives as to the form and content of the required notice: N.J.S.A. 32:1-164 Notice of claim, etc.
"The notice of claim required by section seven hereof shall be in writing, sworn to by or on behalf of the claimant or claimants, and shall set forth (1) the name and post-office address of each claimant and of his attorney, if any, (2) the nature of the claim, (3) the time when, the place where and the manner in which the claim arose, and (4) the items of damage or injuries claimed to have been sustained so far as then practicable. Such notice may be served in the manner in which process may be served, or in lieu thereof, may be sent by registered mail to the Port Authority at its principal office. * * *"
In opposition to this motion, the plaintiff contends that (1) the provisions of N.J.S.A. 32:1-163 do not demand literal compliance, but substantial compliance is all that is necessary; and (2) the Port Authority, in investigating, considering and rejecting the plaintiff's claim, waived strict compliance with the provisions of N.J.S.A. 32:1-164. The plaintiff relies on the correspondence as a whole, together with the Port Authority's own investigation and its rejection of the plaintiff's claim on the merits. If this court finds that the plaintiff has met the requirements of section 164 by reason of the letters of January 12, 1960 and February 8, 1960, then the 60-day condition as to notice in section 163 has been complied with because this suit was commenced by the filing of the complaint on November 21, 1960.
*20 It may be noted at the outset that section 164 has not been strictly adhered to in that the plaintiff did neither swear to the correspondence nor serve the same "* * * in the manner in which process may be served, or in lieu thereof, may be sent by registered mail." N.J.S.A. 32:1-164.
No case has been brought to the attention of the court where this point has been raised. Thus, it appears that this case is one of novel impression.
In the court's opinion, N.J.S.A. 32:1-164 is not a mandatory condition precedent to bringing suit against the Port Authority. When sections 163 and 164 are read together, it becomes apparent that the legislative intent of section 164 was merely a directive as to the kind of notice which would fairly apprise the Port Authority of the existence and nature of a claim to be asserted against it, so that the Port Authority should have adequate time for investigation and, consequently, a reasonable opportunity to prepare a defense. It may be said that in effect we are applying the doctrine of substantial compliance with statute, but this doctrine is not unknown in New Jersey. Cf. McCarty v. Boulevard Com'rs of Hudson County, 91 N.J.L. 137 (Sup. Ct. 1918).
Since substantial compliance with section 164 is all that is required, has the plaintiff born this burden? The answer is in the affirmative. The very reason for the existence of notice has been satisfied, i.e. knowledge of a claim and reasonable opportunity to investigate.
If it were held that section 164 was mandatory, or not mandatory, and that plaintiff had failed substantially to comply with it, yet this motion must be denied on the ground that the Port Authority waived the statutory condition precedent of notice.
"Waiver consists of the intentional relinquishment of a known right. [Citation omitted] It is a voluntary, clear and decisive act, implying an election to forego some advantage which *21 the waiving party might have insisted on [citation omitted]." Deerhurst Estates v. Meadow Homes, Inc., 64 N.J. Super. 134 (App. Div. 1960).
Since the Port Authority voluntarily elected to treat plaintiff's correspondence as a "claim," it cannot now be allowed to retract its course of action to the prejudice of the plaintiff. Lindley v. Detroit, 131 Mich. 8, 90 N.W. 665 (Sup. Ct. 1902); Nohl v. Del Norte County, 45 Cal. App. 306, 187 P. 761 (D. Ct. App. 1919).
The motion to dismiss the complaint is denied.