A89A2314. WEBB et al. v. HANCOCK PLUMBING & HEATING COMPANY, INC.
(391 SE2d 697)

BEASLEY, Judge.

Defendants Webb, d/b/a/ W. W. Construction Company, appeal from a judgment entered for plaintiff Hancock Plumbing after a bench trial.

Hancock was the general contractor with the federal government for the construction of high temperature water lines. It subcontracted with W. W. to perform a part of the concrete work, including ditches, bottoms, walls and tops for the water lines. The initial agreement reduced to writing was that W. W. was to receive $140,000 and a backhoe which Hancock purchased to be used on the project. Later Hancock contracted with W. W. to do the remaining walls and bottoms, with compensation to be paid on a per foot basis. The walls were $12 per foot and the bottoms and ditch were $15. Because the work was under government contract, it was subject to approval by government inspectors.

As the project progressed, W. W. drew a flat amount per week regardless of the work actually performed. As a result, W. W. was overdrawn. Original work plus the correction of certain defects unacceptable to the Corps of Engineers remained to be done.

On October 9, 1987, Hancock discovered that W. W. had moved all its equipment from the job site. Also missing was the backhoe which W. W. had been using on the job but had diverted to a personal mission. Although the Corps of Engineers accepted the essential water piping portion of the work, it refused to approve the concrete work. Hancock requested W. W. to complete the work and correct the deficiencies but, according to Hancock's witnesses, W. W. refused. Hancock was required to expend additional funds to finish the job.

Hancock sued to recover possession of the backhoe and amended its complaint to seek recovery of the cost to complete construction. W. W. answered and counterclaimed for extra on-job work performed.

Hancock's evidence was that W. W. left the job before completion and failed to perform to contract specifications. W. W. countered that the work had been satisfactorily completed and W. W. was entitled to possession of the backhoe under the contract terms. Hancock's bookkeeper detailed the expenses of completion. The original amount owed W. W. for the contract work plus extras was $391,565.50. Hancock spent an additional $73,660.57 to obtain approval of the inspectors, for a total cost of $465,226.07.

The trial court found for Hancock, imposing damages in the amount of $73,660.57 and ordering restoration of the backhoe to it.

W. W. contends that the evidence was insufficient to show that it abandoned the contract and that the proof did not sustain damages in the amount found, making the damages recovered excessive and punitive in nature. W. W. secondly contends that either it should have been allowed to retain the backhoe or its value should have been deducted from the total damages.

1. Although in conflict, the evidence sustains the finding that the contract was breached by W. W. and justifies the imposition of damages in the amount found. The measure of damages for defective or incomplete construction is the difference between the contract price and the reasonable and necessary cost to have the work completed in accordance with terms stipulated, or the reasonable costs of defect repair. *Jack V. Heard Contractors v. Moriarity*, 185 Ga. App. 317, 318 (2) (363 SE2d 822); *Hutto v. Shedd*, 181 Ga. App. 654, 656 (2) (353 SE2d 596) (1987); *Gainesville Glass Co. v. Don Hammond, Inc.*, 157 Ga. App. 640, 642 (278 SE2d 182) (1981).

2. W. W. is correct regarding the backhoe.

"[T]he measure of damages for breach of contract is the monetary amount which will compensate the injured person which a fulfillment of the contract would have prevented or the breach of it entailed and place the person in the position in which he would have been if the contract had been fully performed." *Adamson Co. v. Owens-Illinois Dev. Corp.*, 168 Ga. App. 654, 657 (309 SE2d 913) (1983). "An injured party can not be placed in a better position than he would have been in if the contract had not been breached." *Lastinger v. City of Adel*, 69 Ga. App. 535, 536 (26 SE2d 158) (1943); *Crawford & Assoc. v. Groves-Keen*, 127 Ga. App. 646, 650 (1) (194 SE2d 499) (1972).

Upon the satisfactory completion of the contract, Hancock would have incurred the agreed monetary price and would have been deprived of the backhoe. It cannot augment that position by the lawsuit. It cannot realize the full difference between the contract price and the actual price without deducting either the backhoe or its value because it had agreed to yield the backhoe as part of the consideration.

The judgment is affirmed on the condition that, within thirty

days after our remittitur reaches the trial court, possession of the backhoe be permitted to remain with W. W. or its value be deducted from the amount of Hancock's recovery; otherwise reversed.

3. In view of our ruling in Division 2, the motion for assessment of damages for frivolous appeal is denied.

*Judgment affirmed on condition. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 5, 1990.

*George L. Williams, Jr.,* for appellants.
*Kathryn M. Weigand, John E. James,* for appellee.