[No. 1013.　Decided January 16, 1894.]

JAMES PARKE, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.

WRONGFUL TAKING OF LANDS — ACTION FOR DAMAGES — EVIDENCE OF VALUE — WHEN WIFE NECESSARY PARTY.

In an action against a city for damages for the wrongful appropriation of land, evidence of the price the owner had been offered for the land is inadmissible for the purpose of proving its value.

In an action for damages for the wrongful taking of community real property the wife is a necessary party plaintiff with the husband.

*Appeal from Superior Court, King County.*

*George Donworth*, and *James B. Howe*, for appellant:

The superior court erred in allowing plaintiff to state in evidence, over the objection of defendant, that a man from Portland had offered him $14,000 for the property. *St. Joseph, etc., R. R. Co. v. Orr*, 8 Kan. 420; Lewis, Em. Dom., § 446; *Watson v. Milwaukee, etc., R. R. Co.*, 57 Wis. 332; *Central Pacific R. R. Co. v. Pearson*, 35 Cal. 247; *Fowler v. County Com'rs*, 6 Allen, 92; *Dickenson v. Fitchburg*, 13 Gray, 546; *Minnesota Belt Line, etc., Co. v. Gluek*, 45 Minn. 463; *Hine v. Manhattan R. R. Co.*, 132 N. Y. 477.

*Greene & Turner*, for respondent:

The drift of the authorities and the requirements of sound reason impel to the doctrine that sales and offers to sell or buy are admissible to prove value, the jury being left under suitable instructions to judge of the *bona fides* of each transaction and the weight to be attached to the evidence. *Wyman v. Railroad Co.*, 54 Mass. 316; *Sexton v. North Bridgewater*, 116 Mass. 200; *De Merritt v. Randall*, 116 Mass. 331; *Hawkins v. Fall River*, 119 Mass. 94; *Jackson v. Armstrong*, 14 N. W. 702; *Grand Rapids*

*v. Widdicomb*, 52 N. W. 635; *Harrison v. Glover*, 72 N. Y. 451; *Cliquot's Champagne*, 3 Wall. 114; *Hobart v. Young*, 63 Vt. 363; *Hotchkiss v. Germania Fire Ins. Co.*, 5 Hun, 90. A sale of land, or other like adjacent land, is admissible evidence of its value. *Davis v. Charles R. B. R. R.*, 11 Cush. 506; *Wyman v. Lexington, etc., R. R.*, 13 Metc. 316; *Boston, etc., R. R. v. Railroad*, 85 Mass. 142; *Paine v. Boston*, 86 Mass. 168; *Benham v. Dunbar*, 103 Mass. 365; *Chandler v. Aqueduct Co.*, 122 Mass. 305; *Gardner v. Brookline*, 127 Mass. 358; *Sawyer v. Boston*, 144 Mass. 470; *Patch v. Boston*, 146 Mass. 55; *Laflin v. Chicago, etc., R. R. Co.*, 33 Fed. Rep. 415; *Concordia Cemetery Ass'n v. Railway Co.*, 121 Ill. 199; *Roberts v. Boston*, 149 Mass. 347; *Hunt v. Boston*, 152 Mass. 168; *Thornton v. Compton*, 18 N. H. 20; *State v. Scholl*, 47 Mo. 84; *Keiser v. Gammon*, 95 Mo. 217.

The opinion of the court was delivered by

Scott, J.— This case has once before been before this court, an appeal having been taken by the plaintiff from a judgment sustaining a demurrer interposed by the defendant. The case was reversed, and remanded for trial. 5 Wash. 1 (31 Pac. 310). A trial was had, and verdict and judgment rendered for the plaintiff, and defendant now prosecutes this appeal.

The first point raised is with reference to proof admitted relating to the value of the premises which were damaged. The plaintiff was allowed to testify, over the objection of the defendant, that a man from Portland had offered him $14,000 for said property. The respondent contends that this testimony was admissible, although he admits that the majority of the courts of the various states have held otherwise. Some cases are cited by the respondent as favoring his contention; but none of them go to the extent that it would be necessary to go to sustain the admission of this

testimony, and we are clearly of the opinion that its admission was erroneous. *Hine v. Manhattan Railway Co.*, 132 N. Y. 477 (30 N. E. 985). It is further contended by the respondent that, if the court committed error in this particular, the testimony was not prejudicial to the defendant, on the ground that it is apparent that the jury attached no weight to it; but we think the record fails to show this, and consequently its admission was harmful error.

A second point is raised with reference to the liability of the city for its acts in the premises. This question was disposed of in the former appeal, and is, therefore, not entitled to consideration at this time.

It is further contended by appellant that the court erred in not giving certain requests to charge submitted by the defendant, relating to contributory negligence upon the part of the plaintiff; but, as we view the case, there was nothing upon which a claim for contributory negligence could be based, and for that reason the court properly refused to give said instructions.

The further point is raised that the plaintiff could not maintain this action for the reason that the real estate damaged was community property of the plaintiff and his wife, and that it was necessary for them to join in an action for damages thereto; and we are of the opinion that this point is well taken. The respondent admits that such real estate was community property, but he contends that the husband, in such cases, can maintain an action, and that such actions are customarily brought in the name of the husband, only, in this state. However this may be, it seems to us that they are not properly so brought. The claim of the plaintiff in this case is based upon the fact that the acts of the city in the premises amounted to a wrongful taking of his property; that any damage which destroys substantial value, and inflicts irreparable and permanent injury to such real estate, is a taking, etc. It would not

be contended — at least, it could not be successfully contended — that the husband alone could authorize such a taking or damaging of the community real estate in the first instance; and to allow him to bring an action for the recovery thereof would be simply permitting him to do indirectly that which he could not do directly. If he has authority to maintain such an action, it follows that he has authority to compromise it, and to release the claims for which the same was brought. A contrary view was entertained by this court in *Brotton v. Langert*, 1 Wash. 73 (23 Pac. 688).

Reversed.

DUNBAR, C. J., and ANDERS, J., concur.

HOYT and STILES, JJ., concur in the result.