[No. 1726.  Decided November 12, 1895.]

J. D. SPURLOCK, *Respondent,* v. PORT TOWNSEND SOUTH-
ERN RAILROAD COMPANY, *Appellant.*

TRESPASS — EVIDENCE OF TITLE — COMMUNITY PROPERTY — OBJECTIONS
TO EVIDENCE.

In an action of trespass to real property, parol proof of plaintiff's
undisputed possession is sufficient to show title in himself, when no
better title is alleged to be in defendant or some other person.

When part of a witness's answer to a question is competent, and
part incompetent, a general objection to the answer as a whole
should be overruled.

When it appears in an action for damages to real property that
the plaintiff had owned the land and been in possession thereof
from a date long prior to the passage of the first statute of this state
as to community property, it cannot be presumed that his wife has
such an interest therein as to make her a necessary party to the
action.

Appeal from Superior Court, Thurston County.—
Hon. M. J. GORDON, Judge.  Affirmed.

*Andrew F. Burleigh,.* and *J. E. Lilly,* for appellant.

*H. L. Forrest,* and *Byron Millett,* for respondent:

The rule in trespass cases on real estate is that the
plaintiff, in the first instance, is only required to show
ownership *prima facie,* which will prevail unless the
adverse party show a better title in either itself or
some third party.  Abbott, Trial Evidence, 635; *Kel-
logg v. Vollentine,* 21 How. Pr. 226; 2 Greenleaf, Evi-
dence, § 555; 3 Wait, Actions & Defenses, 20-24;
Waterman, Trespass, p. 346, § 909; *Todd v. Jackson,*
26 N. J. Law, 526; *Rœbke v. Andrews,* 26 Wis. 311;
*McNarra v. Chicago, etc., Ry. Co.,* 41 Wis. 69.

The opinion of the court was delivered by

Hoyt, C. J.—This action was brought to recover damages caused by fires alleged to have been occasioned to the property of the plaintiff by the negligence of the defendant in the operation of its railroad. It resulted in a judgment against the defendant, to reverse which this appeal has been prosecuted.

Three reasons are assigned why the judgment should be reversed: (1) The overruling of the objection of the defendant to the introduction of parol proof as to the title to the land upon which the property was situated; (2) the admission of testimony by the plaintiff as to what he had offered a man to lay up rails to replace those destroyed by the fire; and (3) the refusal of the court to grant the motion for non-suit on the ground that it affirmatively appeared that the plaintiff was not the sole owner of the premises.

If it had been necessary in order to enable the plaintiff to maintain the action that he should have shown a record title to the land in question, there would be force in the first contention of the appellant; but in our opinion it was not necessary that he should show a fee simple title. That he was in the actual possession of the premises clearly appeared from uncontradicted testimony, and such possession was sufficient proof of title until appellant had shown a better title in itself or in some other person. That such is the rule is established by numerous cases cited in the brief of respondent. That of *McNarra v. Chicago, etc., Ry. Co.*, 41 Wis. 69, so fully covers the question that we are content to cite that alone. If the premises had been unoccupied, it would have been necessary for the respondent to have shown title in himself; but his undisputed possession was in itself *prima facie*

proof that he had such title as would authorize him to recover the damages set out in his complaint.

The testimony of the respondent as to what he had offered a man to lay up rails to replace the fence burned was not competent to prove any fact in issue, and if a proper objection had been interposed to its admission technical error would have been committed in overruling it. But the question and answer to which the objection was made were in the following form:

"*Question.* State to the jury what the value was." "Ans. The value of them rails would be three dollars and fifty cents per hundred to make them and lay them up there on the ground. I offered one man one dollar and sixty cents a hundred to lay the rails, put them up there, that I had made and piled up, and he wouldn't take the contract."

And the only objection to the question and answer shown by the record is that in the statement of facts directly following the answer is the statement: "Objected to by Mr. Lilly; objection overruled and exception allowed." It will be seen that it is not made to appear to what proportion of the answer the objection is made; hence the objection, if sufficient for any purpose, would only have been well taken if the entire answer had been incompetent. But that part of it which stated the value of the rails was competent, and, being so, the objection to the answer as a whole was properly overruled, however incompetent may have been other parts of the answer. Besides, the undisputed proof as to the value of the rails was of such a nature that it affirmatively appears from the record that the objectionable part of the answer could not have prejudiced the case of the defendant.

The claim that it affirmatively appeared that the re-

spondent was not the sole owner of the property grows out of the fact that he testified that he was a married man and that he had acquired title to a portion of the property since his marriage; from which it is argued that its character as community property was established, and the fact made to appear that the wife was a necessary party, and that the husband alone could not maintain an action for damages to the realty; the case of *Parke v. Seattle*, 8 Wash. 78 (35 Pac. 594), being cited to sustain the contention. In that case it was held that injuries which had substantially decreased the permanent value of the real estate were injuries to the community property and could not be recovered for in an action by the husband alone. But whether or not the rule should be so extended as to include damages of the nature of those for which this action is brought, even if it should be conceded that the property destroyed was a part of the freehold, is a question which we do not deem it necessary now to decide. It affirmatively appeared that the property had been owned and occupied by the respondent for thirty-five years, and this being so, the fact that it was acquired after marriage did not show it to have been the property of the community. The undisputed testimony showed that the respondent had owned the property and been in the possession thereof from a date long anterior to the passage of the first statute as to community property, and such being the fact, it should not be presumed that the wife had such an interest as would make her a necessary party to an action to recover the damages claimed.

We find no error of sufficient magnitude to warrant a reversal of the judgment, and it will be affirmed.

SCOTT, ANDERS and DUNBAR, JJ., concur.

GORDON, J., presided on trial below.