[No. 3166.    Decided October 13, 1899.]

J. P. O. LOWNSDALE, *Respondent,* v. THE GRAY'S HARBOR BOOM COMPANY, *Appellant.*

COMMUNITY PROPERTY—ACTION FOR RENTS AND PROFITS—NECESSARY PARTIES.

In an action to recover the possession and the rents and profits of community real property, the wife is a necessary party plaintiff with the husband, under the provisions of Bal. Code, § 4491, which expressly prohibits the husband from conveying or incumbering community realty, unless the wife joins with him.

NAVIGABLE WATERS—UNMEANDERED SLOUGH—RIGHTS OF PUBLIC.

A riparian owner cannot recover damages for the use by a boom company of the waters of a slough, which had never been meandered, where the stream is a navigable one.

INSTRUCTIONS—FAILURE TO REQUEST—HARMLESS ERROR.

The failure of the court to give proper instructions as to the rights of a party to the trial respecting matters in issue is not error, unless the court was specifically requested to so charge.

Appeal from Superior Court, Chehalis County.—Hon. CHARLES W. HODGDON, Judge.    Reversed.

*N. W. Bush* and *Irwin & Bridges,* for appellant.

*George D. Schofield,* for respondent.

The opinion of the court was delivered by

GORDON, C. J.—The plaintiff in this action was the purchaser from the state of Washington of certain lands described in the complaint.    The Humptulips river runs through a portion of the land, and extending back from the river, and also upon the land, is a slough of considerable dimension, being about four hundred and ninety feet in width and an average depth of ten feet.    At this point in the river, as well as in the slough already mentioned, the tide ebbs and flows.    The slough is not meandered. The evidence at the trial established conclusively, and it

is undisputed here, that both river and slough are navigable at all times and in all seasons.    The appellant, Gray's Harbor Boom Company, defendant below, is a corporation under the laws of this state, claiming all of the rights and privileges awarded to such corporations under the laws, including the act of March 18, 1895 (Bal. Code, §§ 4387-4394).    Prior to the commencement of the present action, it had constructed its boom and driven piles in the bed of the river where the same crosses plaintiff's land. It had also caused its plat and map to be filed with the secretary of state, as required by law, which plat and map showed the lands which it proposed to appropriate to its use.    It had also erected a cabin upon plaintiff's land at a point close to the stream, and in conducting its operations as a boom company the shore and banks were, to some extent, at least, used and occupied by its workmen.    The action was brought to recover damages to the land caused by the construction and operation of the boom above mentioned, and for rents and profits from December, 1893, to June, 1897, and to recover possession.    Plaintiff had judgment for $930 and for possession.

At the trial the evidence disclosed that plaintiff was at the time he acquired the land, and also at the time of the trial, a married man, and that the property was community property of himself and wife.    At the conclusion of the evidence on behalf of the plaintiff a motion for non-suit was made, upon the ground that, the property being community property, the action could not be maintained by the husband alone, and that the wife was a proper and necessary party.    In disposing of this motion, the trial court withdrew from the consideration of the jury all evidence tending to show any actual damage or injury to the land, but permitted the action to proceed, limiting plaintiff's recovery to the value of the rents and profits and possession of the premises.    This ruling was excepted to

by the appellant, and is assigned here as error.    In *Parke v. Seattle,* 8 Wash. 78 (35 Pac. 594, 34 Am. St. Rep. 839), this court held that, in an action for damages for the wrongful appropriation of community real property, the wife was a necessary party plaintiff with the husband; and the rule thus laid down was subsequently recognized in *Spurlock v. Port Townsend Southern R. R. Co.,* 13 Wash. 29 (42 Pac. 520).    In the first of these cases the court, disposing of the questions, said:

" If he [the husband] has authority to maintain such an action, it follows that he has authority to compromise it, and to release the claims for which the same was brought.".

We are satisfied with the reasoning and conclusion arrived at in that case, and think that it controls the question in the present case, notwithstanding that in the present case the recovery was limited to the possession of the property and to the value of the rents and profits.    It seems to us that, if the husband can maintain the action for rents and profits of community real property, he can do so only upon the theory that he has power in the first instance to make a lawful lease of it.    A lease is an incumbrance, and, under § 4491, Bal. Code, the husband, while having the management and control of the community real property, is expressly prohibited from conveying or incumbering it, unless the wife joins with him.    We think that every objection which can be urged against the maintenanace of an action by the husband alone to recover damages for the appropriation of community real property applies to an action brought by him for the recovery of rents and profits of community real property, and applies with even greater force to an action brought to recover its possession.    As is well said in the *Parke Case,* if he can maintain the action he can compromise it.    The effect of that compromise might be to effectually dispossess the community of the land, or, at least, to seriously incum-

ber it. It violates the spirit, and we think the letter, of § 4491, *supra,* and is not to be tolerated. Authorities from other states having the community property system have little bearing upon this question, in view of the restraint which our law has placed upon the husband's control of community property. In each of the states having that system, Washington alone excepted, the husband is given the absolute power to sell and incumber such property. The difference in the law on this question is one of legislative creation, and we think the statute admits of little room for doubt or controversy. In practice it can make little or no difference whether the action is required to be prosecuted in the name of one or both, and it is extending the doctrine of the *Parke Case* but little, if any, to hold that, in actions of this character, both husband and wife are necessary parties.

As a reversal of the judgment, which was in plaintiff's favor, must follow, other questions raised by counsel must be noticed. At the trial the court, over the objection of appellant's counsel, permitted evidence to be given of the value of the use made by the appellant of the waters of this navigable slough, and a number of witnesses were permitted to testify that the reasonable value was ten cents per 1,000 feet on all logs brought into it by appellant. The court seems to have entertained the theory that, because the slough had not been meandered, it was the private property of the plaintiff, notwithstanding its navigable character. Not only from the repeated rulings of the court upon the introduction of evidence at the trial, but from his charge to the jury, it appears that this view was entertained by the learned trial judge. In instruction No. 6 the court charged as follows:

" You are instructed that, in regard to the use and occupation, if you find defendant did use and occupy plaintiff's land, you cannot consider the value of the use of any prop-

35—21 WASH.

erty below the meander or high-water line of the Hump-tulips river, but only for the use of the property above the meander line; and if you find from the evidence that the defendant used any slough that was on plaintiff's land, and the said slough was not meandered, then the plaintiff should be entitled to recover for the use of such slough, in connection with the use of the land, whatever sum you may find from the evidence that the same was reasonably worth, not exceeding in all the amount claimed by plaintiff in his complaint; that is, $1,050."

It being conceded that the waters in this slough were navigable, plaintiff would not be entitled to recover the value of the use made of them by the appellant. His recovery should have been limited to the damage, if any, done to his adjoining land by the obstruction of this highway, if it was obstructed by the appellant, or his lands cut off by the use made of these waters, and for the rents and profits of lands used by appellant. Sections 3092, 3093, Bal. Code. But it is clear from the character of the evidence which was permitted to go to the jury against defendant's objection, and equally clear from the instruction just set out as well as the charge as a whole, that the court entertained the idea that the plaintiff might recover the value of the use made of these navigable waters, upon the theory, apparently, that because the slough was not meandered it was private property, without regard to whether it was in fact navigable or not. But the question of its navigability in no manner depended upon whether it had been in fact meandered.

We also think that the court erred in permitting evidence to be given of the cost and expense to appellant of handling logs and operating its boom, and the profits arising therefrom, as a basis for determining the value of the use of the waters of the slough.

The appellant also complains of the failure of the court to inform the jury that the boom company had a right,

under its articles and by filing its map and plat of location, to the use of the river and slough within the lines of mean high tide on either side.     It does not appear, however, that the court was specifically requested to so charge, and, in the absence of such request, the mere failure to instruct was not erroneous.     But, while we think that appellant would have been entitled to such an instruction had it requested it, we do not mean to hold or intimate that the filing of its plat and map of location entitled the appellant to use the shore lands above the line of ordinary high tide for the purpose of constructing buildings for occupancy by its employees, or otherwise making use of the private property of the plaintiff without making compensation. Such lands as are requisite and necessary for such a company in the transaction of its corporate business can be acquired by condemnation.     But the statute no more authorizes a trespass by such a corporation than it does by an individual.

The judgment must be reversed, and the cause remanded, with directions to the lower court to dismiss the action.

DUNBAR, FULLERTON and REAVIS, JJ., concur.