[No. 6550.   Decided February 13, 1907.]

JOSEPH DUTEAU, *Appellant*, v. SEATTLE ELECTRIC COMPANY, *Respondent*.[1]

STREET RAILWAYS—PERSONS ON TRACK—DUTY OF MOTORMAN—IN-STRUCTIONS.   It is proper to instruct that when a street car motor-man sees a man ahead in the street under no disability, he may as-sume that the other will exercise due care for his own safety, and it is not necessary for him to stop the car until he sees that the other is in apparent danger.

SAME—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.   In instructions defining the contributory negligence of a person struck by a street car, it is not necessary to embody the doctrine of the "last clear chance," where the instructions were correct as far as they went, and no request therefor was made.

APPEAL—ASSIGNMENT OF ERROR.   An assignment of error that the court failed to charge the jury on the law of the case is too general to raise any question on appeal.

APPEAL—REVIEW—INSTRUCTIONS—FAILURE TO REQUEST.   Although Bal. Code, § 4993, requires the court to charge the jury on the law of the case, the scope and general nature of the charge is left to the discretion of the court, which will not be reviewed on appeal for nondirection or failure to submit any particular proposition, in the absence of proper requests therefor and exceptions to the refusal thereof.

Appeal from a judgment of the superior court for King county, Morris, J., entered May 31, 1906, upon the verdict of a jury rendered in favor of the defendant, in an action for personal injuries sustained by a passenger through be-ing struck by a street car.   Affirmed.

[1]Reported in 88 Pac. 755.

*Arthur C. Dresbach* and *F. A. Gilman,* for appellant.

*Hughes, McMicken, Dovell & Ramsey,* for respondent.

RUDKIN, J.—The plaintiff, soon after alighting from a street car operated by the defendant company in the city of Seattle, was struck by another car operated by the same company, going in the opposite direction on a parallel track, and received certain personal injuries which it is unnecessary to state in detail here. This action was brought to recover damages for the injuries thus received. Judgment was entered in favor of the defendant on the verdict of a jury, and from this judgment the plaintiff has appealed.

Error is assigned, (1) in the giving of two instructions to be presently noted; (2) in the failure of the court to instruct the jury on the law of the case; and (3) in the failure of the court to grant a new trial. The two instructions to which exceptions were taken are as follows:

"(7)     When a motorman sees a man ahead of him alongside of the track, or approaching the track upon which his car is traveling, and this man is apparently able to take care of himself, there is nothing about the appearance of the man which indicates any inability to care for himself, the motorman has a right to assume that this man will act as an ordinary, careful, prudent man would act under such circumstances, and it is not necessary for him to stop his car until he sees that this man is in a position of apparent danger; then it is necessary for him to stop his car for the purpose of avoiding a collision."

"(10)     I will now come to this defense of contributory negligence and define that to you. Now, a man is guilty of contributory negligence in one of two ways. The first way is when he does something which an ordinary, prudent, careful man would not do under the same circumstances; the other way is when he fails to take such precautions for his safety as an ordinary prudent man would take under the same circumstances and conditions. Now, if he does the first thing, or neglects to do the second thing, as I have detailed them to you, in other words, if he does what an ordinary, prudent, careful man would not do, or if he fails to do what

an ordinary, careful, prudent man would do under the same circumstances and conditions, then that is what the law calls contributory negligence, and if such negligence on his part contributes to any injury which he receives, then he cannot recover, and it does not make any difference in that connection whether you should find that the defendant was guilty or not in any of these instances in which negligence has been charged in the complaint. If you should also find that the plaintiff himself was guilty of contributory negligence in any of these ways in which I have attempted to define them to you, and that such contributory negligence on his part contributed to his own injury and was the proximate cause of his own injury, then he cannot recover."

It seems to us that these instructions contain a correct statement, of the law. If a motorman may not assume that persons on the street will exercise due care for their own safety, until something in their actions or appearance warns him to the contrary, as stated in the seventh instruction, it is needless to say that the operation of street cars on crowded thoroughfares would be well nigh impossible. *Traver v. Spokane Street R. Co.*, 25 Wash. 225, 65 Pac. 284; Nellis, Street Railway Accident Law, p. 257; Thompson, Commentaries on Negligence, § 1389.

The objection to the 10th instruction is that it does not embody what is commonly called the *last chance* doctrine. A court cannot embody in a single instruction the law applicable to every phase of a case, and the doctrine of the last clear chance is not so intimately connected with the doctrine of contributory negligence that the latter cannot be defined without including the former. The instruction was manifestly correct as far as it went, and if it did not go far enough, it was the duty of the appellant to request a more specific or an explanatory instruction. Furthermore, the doctrine for which the appellant contends was substantially embodied in instruction No 7, *supra*. The assignment that the court failed to charge the jury on the law of the case is perhaps too general to merit consideration at the hands of this court. It seems to be the contention of the appellant

that a party may submit his case to the court, without re-
quests for instructions and without exceptions to the charge
as given, and then raise for the first time in the appellate
court the question that the instructions do not cover every
possible phase of the case.   This contention entirely loses
sight of the fact that this is a court for the correction of
errors, and that the purpose of an appeal is to obtain a
review of the rulings and decisions of the court below.   The
following statement of the rule found in Vol. 11 of the
Ency. Plead. & Prac., p. 217, is fully supported by the de-
cisions of this court:

"The rule as to nondirection is altogether different from
that just stated; for while it is the duty of the court to
give instructions requested which are correctly drawn and
applicable, and which are seasonably presented, it is a gen-
eral rule in both civil and criminal cases, subject to a few
exceptions which will be noticed hereafter, that mere non-
direction, in the absence of request, does not constitute error.
If an instruction is correct as far as it goes, but is too
general, or is not sufficiently full and explicit, or omits ma-
terial issues raised on the pleadings and proof, error cannot
be assigned in the absence of a properly drawn request for
more specific and comprehensive instructions.   The reason
of this is plain.   The failure of a judge to charge upon any
material point usually results from inadvertence, and the
law casts upon the parties the duty of calling the judge's
attention to the matter.   If he then refuses to give a proper
requested instruction, such refusal is ground of error; but
a party cannot, in a court of error, avail himself of an
omission which he made no effort to have supplied at the
time.   The court cannot be presumed to do more in ordinary
cases than express its opinion upon the questions which the
parties themselves have raised on the trial.   It is not bound
to submit to the jury any particular proposition of law
unless its attention is called to it.   If counsel desire to bring
any view of the law of the case before the jury they must
make such view the subject of a request to charge, and fail-
ing in this they cannot assign error."

See, also, *Box v. Kelso*, 5 Wash. 360, 31 Pac. 973; *McQuil-
lan v. Seattle*, 13 Wash. 600, 43 Pac. 893; *Lownsdale v.*

*Grays Harbor Boom Co.*, 21 Wash. 542, 58 Pac. 663; *Howe v. West Seattle Land & Imp. Co.*, 21 Wash. 594, 69 Pac. 495.

In *Linbeck v. State*, 1 Wash. 336, 25 Pac. 452, and *State v. Myers*, 8 Wash. 177, 35 Pac. 580, the failure of the court to charge the jury that no inference of guilt should be drawn from the failure of a defendant to testify in a criminal case was held to be error, even though no request for such an instruction was made. The latter case was decided by a divided court, and these are believed to be the only instances in which this court has held that error can be predicated on the failure of the court to give any particular instruction to a jury in the absence of a request therefor, and these cases were based on the provisions of a particular statute. Our statute, Bal. Code, § 4933 (P. C. § 607), may be so far mandatory that a total failure to instruct a jury would be error even in the absence of a request for instructions or an exception, but upon that question we express no opinion. Yet the scope and general nature of the charge is left to the discretion of the trial court, and, in the absence of a request for further or more specific instructions, and an exception to the court's refusal, that discretion will not be reviewed on appeal.

We will add, in concluding this branch of the case, that the charge before us is not open to the objections urged against it. It contains a clear and concise statement of the issues in the case and of the general rules of law applicable thereto. The motion for a new trial is based on the insufficiency of the evidence to justify the verdict. Without reviewing the testimony here, the jury would be amply warranted in finding either a lack of negligence on the part of the respondent, or contributory negligence on the part of the appellant. There is no error in the record and the judgment is affirmed.

HADLEY, C. J., FULLERTON, ROOT, CROW, MOUNT, and DUNBAR, JJ., concur.