[No. 9932.  Department Two.  February 6, 1912.]

MICHAEL BUDMAN, *Respondent*, v. SEATTLE ELECTRIC
COMPANY, *Appellant*.[1]

APPEAL — DECISION—LAW OF CASE—MATTERS CONCLUDED—DENIAL
OF NEW TRIAL.  Upon a former appeal, the reversal of a judgment
for defendant notwithstanding a verdict for the plaintiff, upon the
ground that the evidence made a case for the jury, establishes the
facts as found by the verdict as the law of the case; and on remand,
a new trial for insufficiency of the facts to sustain the verdict is
properly denied, either as conclusively settled or as within the dis-
cretion of the trial court.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered March 24, 1911, upon the ver-
dict of a jury rendered in favor of the plaintiff, after denying
a new trial, in an action for personal injuries sustained by a
track laborer struck by a street car.    Affirmed.

*James B. Howe* and *H. S. Elliott*, for appellant.

*Jay C. Allen*, for respondent.

MORRIS, J.—This is an action to recover damages for per-
sonal injuries, and is now before us for the second time.    The
trial first resulted in a verdict for respondent; whereupon ap-
pellant made a motion for judgment *non obstante veredicto*,
coupled with a motion for a new trial.    The motion for judg-
ment was sustained, the motion for a new trial not being
passed upon, and plaintiff appealed.    Upon the appeal being
heard, we reversed the judgment of the court below (*Budman
v. Seattle Elec. Co.*, 61 Wash. 281, 112 Pac. 356), upon the
ground that the evidence was sufficient to take the case to
the jury, and remanded the case with instructions to the lower
court to pass upon the motion for a new trial, on grounds
other than the ones discussed upon the first appeal; and if
said motion was denied, to enter judgment upon the verdict.

[1]Reported in 120 Pac. 877.

The cause again came before the lower court under this mandate, and the motion for a new trial was denied and judgment entered upon the verdict; whereupon defendant brings the case up on this second appeal.

The writer of this opinion, and one other member of the department sitting on the first appeal, did not join in the decision then reached by the majority of the department, believing that the action of the lower court in granting judgment notwithstanding the verdict should be sustained. The majority having ruled otherwise, it was established as the law of the case that, upon the questions of the negligence of the defendant and the contributory negligence of the plaintiff, the only questions submitted upon the first appeal, there was sufficient evidence to take the case to the jury; and their verdict upon those points should be conclusive. The court below having denied the motion for a new trial, it is apparent that the only reason upon which the court based its ruling involved in the first appeal was, either the contributory negligence of the respondent, or the failure to establish any negligence on the part of appellant. The first appeal being conclusive upon the sufficiency of the showing upon those questions, and the motion for a new trial being denied, we must conclude that the trial court was influenced by no other reason in making its first ruling.

It is unquestioned that, under our statute, it is within the discretion of the lower court, when ruling upon motions for a new trial, to grant the same, when in its opinion the verdict is against the weight of the evidence; but it does not follow that the court should so rule after this court, upon reviewing its ruling, has in effect held otherwise. The lower court's first ruling was to the effect that the facts made the law in this appellant's favor. This court ruled otherwise, holding the facts did not make the law and they should be left to the determination of the jury as questions of fact and not passed upon by the court as questions of law. Neither does it necessarily follow that, upon the first ruling, there

was any question in the court's mind of either the sufficiency or weight of the evidence; its judgment being reached upon the law as applied to the facts, and not upon the weight or sufficiency of the evidence as establishing the facts in case its conclusion as to the law should be overruled. It may be, also, that, upon hearing the motion for a new trial, the court, upon mature reflection of the whole case, aided by the opinion of this court, reached a different conclusion from that announced in its first ruling, and that it is now of the opinion that the verdict is in accordance with the weight of the testimony.

Finding no error in the ruling complained of, the judgment is sustained.

MOUNT, FULLERTON, and ELLIS, JJ., concur.

DUNBAR, C. J., concurs in the result.