[No. 10946. Department Two. March 5, 1914.]

WILLIAM KIELY, *Respondent*, v. SEATTLE ELECTRIC COMPANY, *Appellant*.[1]

STREET RAILWAYS—INJURIES TO PERSONS ON TRACK—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. A street worker engaged in cleaning sewers, struck by a street car, is guilty of contributory negligence, as a matter of law, precluding any recovery, where it appears that the accident occurred in the daytime, the street was clear of obstruction and the approaching car could have been seen for half a mile, that a repeating gong upon the car was sounded for a distance of 75 to 200 feet before the car reached him, but that he paid no attention to its approach and stood on the tracks talking to a co-worker in a manhole, when two or three steps would have taken him out of the zone of danger in an instant even if the car had been going at an excessive speed.

SAME—INJURY TO PERSONS ON TRACK—NEGLIGENCE—LAST CLEAR CHANCE. In such a case, the doctrine of last clear chance does not apply, especially where there was evidence that on the approach of the car, the plaintiff raised from a stooping position, as if about to move from the track; since the motorman had a right to assume that he would step aside, and his contributory negligence was concurrent and continued until the moment of the injury.

FULLERTON, J., dissents.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 23, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a street worker, struck by a street car. Reversed.

*James B. Howe* and *A. J. Falknor*, for appellant.

*William Martin* and *Julius L. Baldwin*, for respondent.

[1]Reported in 139 Pac. 197.

CROW, C. J.—Action by William Kiely against the Seattle Electric Company, a corporation, to recover damages for personal injuries. From a judgment in plaintiff's favor, the defendant has appealed.

The controlling assignment of error, and the only one we need to consider, is appellant's contention that the trial court erred in denying its motion for judgment notwithstanding the verdict. Appellant owns and operates a double line of street cars on 15th avenue west, and other streets in the city of Seattle. On September 22, 1911, respondent, together with one Shrewsbury, was employed by the city of Seattle in dragging city sewers, and on the date named was thus employed on 15th avenue west. At and near the point of the accident, there were two manholes, about three hundred feet apart, which descended from the street surface to the sewer below. Shrewsbury was in the southerly manhole dragging the sewer, while respondent was on the street above. While there, he was struck by one of appellant's cars and was injured. His allegations of negligence were, (1) appellant's failure to give sufficient warning of the car's approach; (2) excessive speed; and (3) failure of appellant's servants to observe certain flags stationed at the manholes.

The evidence shows that, shortly before he was struck, respondent was leaning over the southerly manhole talking to Shrewsbury, who was about to come to the surface for the purpose of obtaining a piece of timber needed in his work. The evidence further shows, that 15th avenue west extended in a northerly and southerly direction; that the car which struck respondent was traveling south; that, when approaching, it could be seen for a distance of almost half a mile before it reached the point where respondent was injured; that the street was clear from obstructions, further than the mere suggestion of another car that had just passed in an opposite direction; that Shrewsbury and respondent had removed the coverings from the manholes, and had placed a flag at each of them as a warning; that the manholes were about three

hundred feet apart; that respondent was near the southerly manhole, and that no one other than persons on the car observed him until just about the moment he was struck. The evidence of a number of passengers produced by appellant, and other witnesses produced by respondent, was that a repeating gong upon the car was sounded and continued ringing for a distance of from 75 to 200 feet before it reached respondent. The evidence upon this point, which is without practical dispute, is so overwhelming that it disposes of any contention of negligence by reason of appellant's failure to give a warning of the approaching car. Evidence as to the speed was conflicting; some witnesses testifying that the car was running as rapidly as 25 miles per hour, while others testified that it was not running to exceed six or eight miles per hour. There was no verbal evidence as to whether the accident occurred in a business district, a residence district, or a sparsely settled section of the city. A photograph admitted in the evidence indicates that it must have occurred in a residence district where the street is wide and open; that some residences and other buildings are located upon either side of the street, although many vacant lots appear; and that the street is paved upon one side, but not upon the other. There was no evidence showing the rate of speed at which cars were permitted to run in this locality, although appellant offered a speed ordinance of the city, which was excluded by the trial court for the reason that it was not pleaded. The speed of the car was doubtless a question for the jury, and upon this issue it is possible they might have been justified in finding that it was running at an excessive and dangerous rate. Relative to the failure of appellant's servants to observe the flags, stationed at the manholes, there is nothing to show that they did or did not observe them, nor was there evidence to show that the flags were stationed as any special warning to appellant's employees. As above indicated, the flags were located at each manhole where the covers had

been removed. They were undoubtedly intended as a warning to all persons that the manholes were open.

The principal questions in this case are, (1) whether respondent was guilty of contributory negligence; and (2) whether the doctrine of last clear chance can be applied. Respondent had been engaged in the same work for the city for a number of years, and had been working in this identical locality for about two weeks. The accident occurred in daylight. The street was straight, with a slight descending grade towards the south, and the south-bound car which struck respondent, when approaching, could have been seen for at least half a mile. There was nothing upon the street to distract respondent, to confuse him, or to divert his attention; nor was there any evidence that he was deficient in any natural sense, such as sight or hearing. Although he was rightfully upon the street engaged in his usual work, it is difficult to understand how, in the exercise of ordinary care and prudence, he could have failed to see or hear the approaching car. As a witness in his own behalf, he seemed unable to give any intelligent account of how the accident happened. The evidence of other witnesses indicates that he was paying no attention to the approaching car. If he was conscious of its approach, he certainly exercised no care in stepping from the zone of danger; an act which would have required but an instant of time. Two, or at most three, ordinary steps would have placed him in a position of safety. Under these facts, we fail to see how the respondent is to be relieved from the charge of contributory negligence.

In support of his contention that, under the evidence, the issues of negligence and contributory negligence were for the jury, respondent cites *Budman v. Seattle Elec. Co.*, 61 Wash. 281, 112 Pac. 356. This case involved an injury to an employee of the company which was operating the car. The employee was engaged in shoveling dirt from the defendant's track. Under these facts, we held that the company was under an obligation to exercise a higher degree of care to-

wards an employee working upon its tracks than would be required of it towards other persons upon the street. The opinion was signed by only three members of the department hearing the case, of whom the writer was one. No dissenting opinion was filed, but the other members of that department did not concur in the view of the majority. This is shown by the later decision in *Budman v. Seattle Elec. Co.*, 67 Wash. 133, 120 Pac. 877. The doctrine announced in the *Budman* case does not apply to a city employee in no way connected with the railway company, to whom it does not owe the higher degree of care invoked in the *Budman* case. Although respondent was rightfully in the street, it was his duty to exercise reasonable care to learn of the approach of cars; a turn of the head and a glance of the eye would have been sufficient, especially when a signal was given by the ringing of a repeating gong. The manhole at which respondent was standing was between appellant's east and west tracks. Respondent was required to take only one or two steps towards the easterly track upon which no car was approaching; an act requiring but an instant of time. It is impossible to see how he could have failed to remove himself from the zone of danger in the face of the approaching car, even though it was running at an excessive speed, without being guilty of contributory negligence as a matter of law. Although the facts involved may not be entirely similar, the rule announced in *Duteau v. Seattle Elec. Co.*, 45 Wash. 418, 88 Pac. 755; *Skinner v. Tacoma R. & Power Co.*, 46 Wash. 122, 89 Pac. 488; *Helliesen v. Seattle Elec. Co.*, 56 Wash. 278, 105 Pac. 458, and *Fluhart v. Seattle Elec. Co.*, 65 Wash. 291, 118 Pac. 51, is controlling here. Other cases in point are *Hafner v. St. Paul City R. Co.*, 73 Minn. 252, 75 N. W. 1048; *Lyons v. Bay Cities Consol. R. Co.*, 115 Mich. 114, 73 N. W. 139; *Quinn v. Boston Elev. R. Co.*, 188 Mass. 473, 74 N. E. 687. In each of these cases the injured party was working in the street where the car was running, in some instances being employed by the city. The distinction between an employee

of a street car company working upon its track, where the relation of master and servant exists, and the case of a third person working upon or near the track, who sustains no contractual relation with the defendant, is clearly announced by the supreme court of Indiana in *Young v. Citizens' St. R. Co.*, 148 Ind. 54, 47 N. E. 142.

The only remaining question is whether the doctrine of last clear chance can be applied to the facts of this case. We think it cannot. The evidence of passengers on the car was to the effect that, for a distance of from 75 to 200 feet before the car reached respondent, the motorman was ringing the gong. Some of them testified that they saw respondent; that he was standing upon or near the track on which the car was running; that he raised himself as if to move; that his appearance indicated an intention to step from the track; and that there was nothing in his conduct to indicate a contrary intention until he was struck. One witness testified that the motorman, in addition to ringing the gong, had decreased the speed of the car; that when respondent raised himself as if to step from the track, the speed was slightly increased, but that the car was not running at an excessive rate of speed. The doctrine of last clear chance has been discussed in *Herrick v. Washington Water Power Co.*, 75 Wash. 149, 134 Pac. 935, *Mosso v. Stanton Co.*, 75 Wash. 220, 134 Pac. 941, and other cases by this court, but we fail to see how it is pertinent here. Conceding the appellant to have been negligent in running the car at an excessive rate of speed, it is apparent from the proven and undisputed facts that respondent's negligence was concurrent therewith, and continued to the time of the accident. In other words, his contributory negligence had not ceased, but was a proximate cause of the accident. In *Duteau v. Seattle Elec. Co., supra,* this court said:

"If a motorman may not assume that persons on the street will exercise due care for their own safety, until something in their actions or appearance warns him to the contrary, as

stated in the seventh instruction, it is needless to say that the operation of street cars on crowded thoroughfares would be well nigh impossible.''

The judgment is reversed, and the cause remanded with instructions to dismiss.

MORRIS, J., concurs.

ELLIS, J. (concurring)—I concur in the result reached by the majority, but solely on the ground of contributory negligence which, it seems to me, was established regardless of the rule announced in *Budman v. Seattle Elec. Co.*, 61 Wash. 281, 112 Pac. 356. I can see no good reason for limiting the rule stated in that case to employees of the railway company. The fact that employees of the city are at work upon the street in plain view of a street car motorman or the driver of a vehicle ought to impose a greater degree of care upon such motorman or driver than in case of a pedestrian not preoccupied with any task. *Burger v. Taxicab Motor Co.*, 66 Wash. 676, 120 Pac. 519. Employees of the railway company have no higher right to work upon the street than employees of the city, and are entitled to no greater consideration from the railway company.

MAIN, J.—I concur in the views expressed by Judge Ellis.

FULLERTON, J., dissents.