[No. 13238.    Department Two.    April 21, 1916.]

GEORGE W. CHUTE, *Respondent*, v. ATTALIA LAND COMPANY, *Appellant*.[1]

PLEADING—ANSWER—ADMISSIONS — PARTIES — CAPACITY TO SUE — HUSBAND AND WIFE—COMMUNITY PROPERTY. In an action for damages for failure to supply the water for irrigation of lands alleged to be owned by the plaintiff, defendant's answer admitting plaintiff's ownership admits the right and capacity of the plaintiff to sue for the damages without joining his wife as a party plaintiff, although the lands may be community property.

WATERS AND WATER COURSES—IRRIGATION—CONTRACT — BREACH — ACTION FOR DAMAGES—INSTRUCTIONS. In an action for damages for failure to supply water for the irrigation of lands, in which the answer raised the issue that plaintiff's damage was due to his fault in failing to receive and properly care for the water delivered, instructions are proper and sufficient where they contain a brief and concise statement of the rights and duties of the parties, followed by a direction that defendant would not be liable if its performance was rendered reasonably impracticable by plaintiff's failure to receive and properly care for the water after notice to plaintiff that defendant was ready to furnish it, nor if the damage was due wholly to plaintiff's acts or failure to care for such water as was furnished; and it was not error to refuse a requested instruction merely amplifying unnecessarily the rights and duties of the parties with reference to the delivery and receipt of the water.

Appeal from a judgment of the superior court for Walla Walla county, Miller, J., entered June 10, 1915, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract, after a trial on the merits.   Affirmed.

*Pedigo & Smith* and *A. E. Gallagher*, for appellant.

*Rader & Barker*, for respondent.

HOLCOMB, J.—This appeal comes to us on a short bill of exceptions.   The action was brought to recover damages alleged to be sustained by respondent to certain fruit trees, strawberry vines, grape vines, and nursery stock, growing on certain lands alleged in the complaint to be owned by re-

[1]Reported in 156 Pac. 849.

spondent, by reason of appellant's failure, during the irrigation season of 1914, to furnish respondent water therefor, as required, according to a contract to furnish water to the lands described, made between the predecessors in interest of respondent and appellant.

Respondent alleged in his complaint that he *is the owner* of the lands described, setting forth the description thereof as platted and of record in the office of the county auditor of Walla Walla county. This allegation is admitted by the answer. The answer also admits appellant's corporate capacity, and that it is the successor in interest of the Columbia Canal Company which made and entered into the contract with respondent's predecessor for the irrigation of the lands described, and to furnish the quantity of water alleged by appellant during each irrigation season. The further allegations of respondent's complaint are denied, and a further affirmative defense is pleaded, setting up the deed and water contract affecting the land and alleging that appellant has at all times been willing to furnish the water required in the manner provided in the deed, but that it has been impossible to do so on account of respondent's failure to receive and properly care for the same; and that, if any damage has been suffered by respondent, the same is due wholly to the acts, unconcern, and failure on the part of respondent to properly care for the water delivered and to cultivate his land in a good and husbandlike manner. Upon these issues, the case went to trial before a jury. Evidence was introduced for and on behalf of each party, and the jury returned a verdict in favor of respondent for $700.

I. It is first contended by appellant that the court erred in submitting the case to the jury, (a) because the complaint does not state facts sufficient to constitute a cause of action; (b) for want of evidence to support the respondent's ownership of the land in question; and (c) because the court was without jurisdiction over the subject-matter of the action. These grounds of error are all based upon the proposition

that, during the trial, it appeared that the lands were acquired by respondent after marriage to his present wife. It is urged that, when respondent testified that he was married to his then wife long before he bought this land, that fact in and of itself raised a presumption that the real estate was community property; that this presumption was not overcome and stands as a fact in this case, nothing to contradict the presumption that it was community realty being shown; that the husband or the wife alone cannot bring an action which affects the community real estate without the other spouse joining in the action as a party plaintiff, any more than a party can bring an action which affects the community real property without making the husband and wife both parties defendant; that this is jurisdictional. *Parke v. Seattle*, 8 Wash. 78, 35 Pac. 594, and *Lownsdale v. Grays Harbor Boom Co.*, 21 Wash. 542, 58 Pac. 663, are cited to sustain this contention.

In *Parke v. Seattle* the action was one for damages for the unlawful taking of community real estate; and in *Lownsdale v. Grays Harbor Boom Co.*, the action was one to recover possession of community real estate and for the rents and profits while dispossessed; and in both of those cases it was properly held that the wife was a necessary party. Other cases were cited, such as *Littell & Smythe Mfg. Co. v. Miller*, 3 Wash. 480, 28 Pac. 1035, and *Dane v. Daniel*, 23 Wash. 379, 63 Pac. 268, to the effect that a wife is a necessary party defendant where an action is brought against community real estate *in rem*, and these cases are thought to be applicable. We do not so consider any of the cases. It is not necessary to extend or to limit the doctrine first announced in *Parke v. Seattle, supra*, for the reason that we consider here that the admission in the answer of the allegation of ownership of the real estate in the present tense as of December 31, 1914, the date of the verification of the complaint, as being an admission as of that date only, is sufficient to sustain the right of action in the husband. Its effect was not only to admit the

ownership of the the property as of that date, but to admit the right and capacity of the husband to sue for the damages alleged in the complaint.

II.    It is urged that the court erred in refusing to give an instruction to the jury requested by appellant as follows:

"You are instructed it is the duty of the plaintiff whenever water is furnished him pursuant to his request to be at the point of delivery of such water when the same is delivered there by defendant, and to receive the water from the company and not to use any of such water elsewhere than on the land of the plaintiff and not to use more water than is necessary to irrigate plaintiff's said lands without waste, and if you find from the evidence that the plaintiff did not receive said water and permitted the same to run to waste upon lands elsewhere than on the lands of the plaintiff, then and in that event the defendant had a right to shut off such water, even though plaintiff had not up to that time received all the water plaintiff was entitled to receive during the irrigation season of 1914, and not to furnish any more water thereafter to plaintiff till the plaintiff requested defendant so to do or notified defendant that he needed water."

Instead thereof, the court instructed, and it is urged erroneously, as follows:

"By the pleadings in this case it is admitted that it was the duty of the defendant to furnish water during the irrigation season extending from April 15 to October 15 of each year and at least at the ratio of one cubic foot of water per second of time for each one hundred and sixty acres of land, when reasonably requested so to do by the plaintiff; so that if you find by a preponderance of the evidence that the defendant did not furnish water after being reasonably requested by the plaintiff so to do, not exceeding that quantity, and that by reason thereof the plaintiff suffered damages, the plaintiff is entitled to recover from the defendant such damages as he has suffered by reason of the failure of the defendant to furnish the water as provided for in the deed and as requested by him, in accordance with the rule laid down in another instruction.  But if you find by a preponderance of the evidence that the defendant was ready and willing to furnish water as provided for in the deed when reasonably requested by the plain-

tiff, and that the defendant attempted to comply with the terms of the deed and the request of the plaintiff and it was rendered reasonably impracticable for it to do so by reason of plaintiff's failure to receive and properly care for the water after the plaintiff had been notified that the defendant was ready to furnish it, then the plaintiff would not be entitled to recover damages by reason of such failure, if any, on the part of defendant to furnish water."

Appellant argues that, under the instruction given, the duty of the plaintiff and the right of defendant are entirely left out, and that, instead, the court submitted to the jury the question of the rights of the defendant as provided for in the deed, by saying that, if they found defendant was ready and willing to furnish water "as provided for in the deed and at the request of plaintiff, and it was rendered reasonably impracticable for it to do so by reason of plaintiff's failure to receive and properly care for the water after the plaintiff had been notified that the defendant was ready to furnish it;" in other words, that it was left to the jury to determine the legal effect of the provisions of the deed.

We do not so understand the instruction. It seems to us to be a brief and concise statement of the rights and duties of the parties under the first part of the instruction, and the reference to the attempted compliance with the terms of the deed in the latter part of the instruction merely applies to the admitted provisions of the contract referred to in the first part of the instruction. In the instruction immediately following, the jury were further instructed that, in case they should find from the evidence that any damage suffered by the plaintiff was due wholly to the acts, unconcern, and failure of the plaintiff to care for such water as was furnished him by the defendant and the failure of the plaintiff, if there were such failure, to cultivate the lands involved in this action in a good and husbandlike manner, then their verdict would be for the defendant. Under all these instructions, we are satisfied that the jury were properly informed and instructed as

to the rights and duties of the parties in relation to each other. The requested instruction merely amplified unnecessarily the rights and duties of the parties with reference to delivery and receipt of the water.

We find no error. The judgment is affirmed.

MORRIS, C. J., MAIN, PARKER, and BAUSMAN, JJ., concur.