[No. 15541. Department One. March 18, 1920.]

PETER HANSEN, *Respondent* v. HERBERT HANSEN, *Appellant*.[1]

PARTIES (52)—PLEADING (194)—WAIVER OF DEFECTS BY ANSWER. A defect of parties plaintiff in not joining a wife in an action relating to community lands is waived when not raised by demurrer or answer.

WITNESSES (41-1)—COMPETENCY—WIFE OF PARTY. In an action by a husband to declare a trust in community lands, his wife is not a competent witness for defendant over plaintiff's objection, in view of Rem. Code, § 1214, providing that one spouse shall not be examined for or against the other without consent of the latter.

TRUSTS (19-1-22-1)—CONSTRUCTIVE TRUSTS—FRAUD—PAROL PROOF. A constructive trust arises from fraud inhering in the transaction and may be proved by parol, where the owner of mortgaged land which he had leased to his son was lulled into a sense of security by the promise of the son, who was indebted to him for rent, to redeem the mortgage from foreclosure proceedings and protect the title, which he failed to do and acquired title through the foreclosure by paying the mortgagee a sum less than the overdue rent.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered March 27, 1919,

[1] Reported in 188 Pac. 460.

upon findings in favor of the plaintiff, in an action to declare a trust, tried to the court. Affirmed.

*A. E. Gallagher,* for appellant.

*Cordiner & Cordiner* and *G. M. Nethercutt,* for respondent.

MAIN, J.—The plaintiff brought this action for the purpose of having it declared that the defendant held the legal title to certain real estate in trust, and for the purpose of requiring the defendant to convey the property to the plaintiff and account for the rents, issues, and profits thereof. The cause was tried to the court without a jury, and resulted in findings and a judgment sustaining the prayer of the complaint. From this judgment, the defendant appeals. The facts, as found by the trial court, are substantially as follows:

For many years the respondent, Peter Hansen, and Mary Hansen, his wife, lived upon the property here in dispute, which was a farm consisting of approximately one hundred and sixty acres. The land was purchased by them subsequent to their marriage and was paid for out of the products produced thereon.

On the 2d day of October, 1912, the respondent leased the land to one of his sons, Herbert Hansen, the appellant, for a period of five years. This lease was not signed by Mrs. Hansen, the wife of the respondent. The lease provided that as rent the appellant should deliver to the respondent one-third of the crops. The appellant entered into possession of the land and continued in possession up to the time this action was instituted, which was in November, 1918. The appellant failed to deliver the rental portion of the crops, as required by the lease, and at the time of the trial he was indebted to the respondent on this account in the sum of $1,996.36.

On the 14th day of January, 1910, the respondent and his wife had mortgaged the land to the Vermont Loan and Trust Company for the sum of $2,775, which mortgage, by its terms, became due and payable on the first day of June, 1915. The interest was payable annually on the first day of January. On the 14th day of October, 1914, the Vermont Loan and Trust Company commenced an action to foreclose the mortgage, because of default in interest payments, and served process upon the respondent and his wife. At the time the foreclosure action was commenced, the appellant was indebted for rent in the sum of $1,444.43 for the years 1913 and 1914. Shortly after the foreclosure proceedings were commenced, the respondent inquired of the defendant whether he would protect the land from the mortgage foreclosure. The appellant assured the respondent that he would, and that the respondent need not worry or give the foreclosure proceedings any further attention. The respondent, by reason of the confidence which he had in his son, the appellant, relied on the assurance and was lulled into inactivity and neglected to protect his interests against the mortgage foreclosure.

The appellant permitted the Vermont Loan and Trust Company to foreclose the mortgage and obtain a sheriff's deed thereto on the 15th day of January, 1916. On the 18th day of January, two days later, the Vermont Loan and Trust Company conveyed the land to the appellant for the recited consideration of one dollar. The day following this, or the 19th, the appellant gave the Vermont Loan and Trust Company a mortgage on the land for $3,000, as a part payment for the purchase price. This constituted the greater portion of the money that was due the company under the mortgage foreclosure proceeding. The exact amount was $4,059.08. At this time, the appellant, as above

stated, was indebted to the respondent for rent in the sum of $1,444.43. The land covered by the mortgage was of the value of $13,500. At the time of the foreclosure, the respondent could have, and would have, redeemed the land from the mortgage foreclosure proceedings, if he had not been lulled into inactivity by the promise and assurances of the appellant to the effect that he would take care of the mortgage and protect the interests of the respondent in the land. The respondent relied upon this assurance. The trial court concluded that the appellant, by his statements and conduct, had deceived and defrauded the respondent, and that he held the legal title to the land as a trustee for the use and benefit of the community composed of the respondent and his wife.

There is no controversy here over the amount found to be due for rent. While the written lease was not valid because it was not signed by the respondent's wife, both parties seem to recognize that, if there was a tenancy, it was one from year to year. The appellant excepted to many of the findings of fact made by the trial court, and vigorously contends that certain of the facts above recited are not sustained by the evidence. Without reviewing the evidence in detail, it may be said that, after carefully reading and considering all of the evidence, we are of the opinion that the findings of the trial court are sustained thereby, and that the facts are as above stated.

The appellant first contends that the court had no power to hear and determine this cause, because the wife of the respondent was not a party to the action. This question was not raised either by demurrer or answer, and therefore will be deemed to have been waived. *State ex rel. Abrashin v. Terry*, 74 Wash. 208, 133 Pac. 386; *Buckles v. Reynolds*, 58 Wash. 485, 108 Pac. 1072. The appellant seeks to avoid the force of

this rule by arguing that, without the wife, the court was without jurisdiction to hear and determine the matter. This same argument was made in the case of *Chute v. Attalia Land Co.,* 91 Wash. 4, 156 Pac. 849, and was not sustained. There the wife was not made a party plaintiff, and the answer had admitted the allegation of the complaint that the husband was the owner of the real estate involved. It was there held that the admission of ownership of the property also admitted the right and capacity of the husband to sue for the damages claimed. Here, while the ownership of the property, as alleged in the complaint, was not admitted, the same result is reached by failure of the appellant to raise the point by either demurrer or answer.

The appellant argues that Mrs. Hansen, the wife of the respondent, not being a party to this action, her rights should not be prejudiced in litigation to which she is not a party. It is sufficient to say that Mrs. Hansen's rights, whatever they may be with reference to the property in controversy, will be the same after the judgment in this case has been executed as they were prior to the foreclosure.

Upon the trial, Mrs. Hansen, the wife of respondent, was called as a witness by the appellant, but upon objection her testimony was excluded. The appellant assigns this ruling as error. Remington's Code, § 1214, among other things, provides that a husband shall not be examined for or against his wife without her consent, nor the wife for or against her husband without his consent. The testimony of Mrs. Hansen was properly excluded. *Stanley v. Stanley,* 27 Wash. 570, 68 Pac. 187; *Jones v. Jones,* 96 Wash. 172, 164 Pac. 757. The appellant cites the case of *Sackman v. Thomas,* 24 Wash. 660, 64 Pac. 819, as sustaining his contention, but that case is distinguishable in two

respects. First, there the husband was not a party to the action wherein the wife testified, and the testimony was offered under a clause in the statute other than the one above referred to; and second, it was there held that the objection to the testimony was not sufficient to present the question of its inadmissibility under the statute.

The last question, and probably the one upon which the appellant chiefly relies, is, Did the appellant hold the legal title to the property as trustee for the community composed of the respondent and his wife? The appellant claims that, if there were a trust, it was an express trust and therefore could not be established by oral evidence. The appellant's position in this is correct, if the trust was express and not constructive. This question of express, resulting, and constructive trusts has many times been before this court. It is unnecessary here to enter upon a review of the cases, because, in the recent case of *Farrell v. Mentzer,* 102 Wash. 629, 174 Pac. 482, they are all reviewed, discussed, distinguished and classified. In that case the whole subject is exhaustively considered. It is there said:

"The decisions of this court fall into these groups: . . . (4) those cases of constructive trust which have arisen from fraud inhering in the transaction and arising contrary to the intention of the one holding the legal title; . . ."

It is, therefore, the doctrine of this court that a constructive trust will arise where fraud inheres in the transaction, and where it arises contrary to the intention of the one holding the legal title. Applying this doctrine to the facts now before us, the requirements of the rule will be met. It was contrary to the intention of the appellant, when he acquired the legal title from the mortgage company, that a trust should

arise. The facts above stated show that, through deceit and fraud, which appellant practiced upon the respondent, he was enabled to acquire the title to the property. It is argued that no fraud has been shown, but with this position we cannot agree. The appellant was the tenant of the respondent and his son. He owed, at the time that he acquired title to the property, rent in the sum of approximately $1,400, which had not been paid or accounted for. He lulled the respondent into a feeling of security by assuring him that the title to the property would be protected, and that he would not lose it under the foreclosure action. The respondent, in reliance upon this assurance, failed to look after the mortgage and protect his title, which he could and would have done had it not been for the fraud practiced upon him. The facts show fraud inhering in the transaction. A constructive trust therefore arose which was contrary to the intention of the one holding the legal title, and because fraud inhered in the transaction. Some contention is made that, under the allegations of the complaint, the respondent should not have been permitted to prove facts showing a constructive trust. The complaint doubtless could have been better drawn, but the facts are there stated, and the allegations are sufficient to permit the proof.

The judgment will be affirmed.

HOLCOMB, C. J., PARKER, MITCHELL, and MACKINTOSH, JJ., concur.